(No. 5802. December 9, 1931.)

WALTER H. ANDERSON, Respondent, v. WILLIAM J. WHITE, Appellant.

[5 Pac. (2d) 1055.]

William Edens, for Appellant.

W. H. Witty, for Respondent.

VARIAN, J.—Motion to dismiss appeal. June 26, 1931, a money judgment was entered in the district court in favor of plaintiff. On July 11, 1931, an appeal bond was filed by defendant to which exceptions were filed and subsequently, on July 27th, a new undertaking was filed. Respondent moved to dismiss the appeal and on the date of the hearing, September 9, 1931, appellant also moved to dismiss the appeal "without prejudice" because the undertaking was defective. The last motion was granted by the court on September 10, 1931. On September 23, 1931, within the statutory period allowed for appeal (C. S., sec. 7152), a new undertaking was filed, together with a *supersedeas* bond and praecipe to the clerk. On September 29, 1931, an order for reporter's transcript was filed; the time for getting out the transcript was extended to November 30, 1931, and again until December 20, 1931, by successive orders of the trial judge on application of appellant. Appellant has not paid or tendered to the reporter his fees as required by the provisions of C. S., sec. 6886, as amended, Sess. Laws 1927, chap. 33, p. 42, nor has any arrangement for credit therefor been made with the court reporter. Neither has appellant paid or tendered to the clerk of the district court the prescribed fees for the clerk's transcript, as required by C. S., sec. 7166, nor has credit been extended to him for such fees. Neither transcript has been prepared.

■ C. S., sec. 6886, as amended, *supra*, makes it the duty of the court reporter, after service upon him of the order to prepare the transcript, "and receipt of his estimated costs therefore, to forthwith prepare said transcript and to complete the same and lodge the original typewritten copy and four carbon copies thereof with the clerk of the District Court within the time allowed by said order, or within such further time as the District Judge may, by order, allow." Formerly it was the duty of the appellant to obtain such extensions of time for the preparation of the reporter's transcript (*Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728) but the duty of obtaining such extensions of time now devolves upon the court reporter under the express provisions of said 1927 amendment to C. S., sec. 6886.

■■ C. S., sec. 7166, enjoins the duty of preparing the clerk's transcript upon that official in the following language:

"2. Upon receipt of said fees the clerk shall prepare an original and four carbon typewritten copies, etc."

Appellant makes no showing against the motion, simply writing the clerk: "We are ready and willing to pay the expenses at any time." Before either the court reporter, or clerk of the district court, is required, or can be compelled, to proceed in the preparation of their respective transcripts, the prescribed statutory fees must be paid.

C. S., sec. 7166, requires an appellant "shall pay" the costs of the clerk's transcript within five days after filing his notice of appeal. This he has not done and the record fails to show any extension of time for paying the clerk's costs, or for the preparation of his transcript. Payment of these costs was one of the initiatory steps necessary to procure his record on appeal and the case does not fall within the rule announced in *Evans v. City of American Falls, ante,* p. 89, 1 Pac. (2d) 632, to the effect that after initiating steps necessary to procure the record, appellant is not charged with the duty of proceeding further until the clerk has delivered the transcript to his attorney.

While appellant's counsel says he is "ready and willing to pay the expenses at any time," the fact remains that, for more than two months after filing notice of appeal,

appellant has paid neither the reporter's estimate nor clerk's fees. The requirement (C. S., sec. 7166) that the appellant shall pay the clerk's fees within five days after filing his notice of appeal, is mandatory. Having failed to make said payment within the time prescribed he has not prosecuted his appeal with due diligence and the same must therefore be dismissed.

Appeal dismissed. Costs to respondent.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.