797 P.2d 95

**Byrd GOLAY, dba Golay Masonry, Plaintiff-respondent,**

v.

**George A. LOOMIS, Defendant-appellant.**

No. 18303.

Supreme Court of Idaho.

July 30, 1990.

Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, for defendant-appellant. Kathleen E. Rivers argued, Hailey.

Decker & Hollifield, Twin Falls, for plaintiff-respondent. William R. Hollifield, argued, Twin Falls.

BAKES, Chief Justice.

This case is before us on a petition for review from the Court of Appeals. The Court of Appeals reversed a district court appellate decision which had upheld a magistrate's decision granting plaintiff Golay's motion for summary judgment on the ground that the motion had not been opposed by affidavit or other sworn statement as required by I.R.C.P. 56. We affirm the district court's appellate decision and vacate the decision of the Court of Appeals. In so doing, we conclude that the magistrate did not err in granting summary judgment under I.R.C.P. 56, and also did not err in exercising discretion in denying Loomis' motion to set aside summary judgment pursuant to I.R.C.P. 60(b) because of alleged mistake and/or excusable neglect on the part of Loomis.

This is a construction contract case. George Loomis, a building contractor, hired Byrd Golay, a subcontractor, to assist in a residential construction project. A dispute arose over compensation for extra work allegedly performed by Golay. Golay filed a complaint for $2,111.25 in the magistrate's division of the district court. The complaint was signed only by Golay's attorney. After the complaint and summons were served on the defendant, Loomis, acting *pro se*, sent a letter addressed to the magistrate court entitled "Response to complaint filed by Byrd Golay." The Loomis letter, which was signed but not subscribed and sworn, set forth alleged facts controverting most of Golay's allegations.[1] Golay then filed a motion for summary judgment supported by an "Affidavit of Amount Due." The affidavit, subscribed and sworn to before a notary public, contained the following statement:

BYRD GOLAY, being first duly sworn upon oath, deposes and states:

### I.

That your Affiant is the owner and operator of the business, Golay Masonry, in the above referenced caption [*Golay v. Loomis*] and makes this Affidavit on his own personal knowledge and belief.

### II.

That the Defendant was to pay an additional sum of $2,111.25 for extra work done on the fireplace, column 12' block, and for heating charges and he has failed to pay the sum which is due and owing.

On the day set for hearing the summary judgment motion Loomis appeared *pro se*. After hearing argument from Golay's attorney, the magistrate determined that there was nothing in the record in opposition to Golay's motion and supporting affidavit other than the Loomis letter, which

---

**1.** At the hearing on Golay's motion for summary judgment, the magistrate acknowledged that he accepted the Loomis letter as an answer upon receiving the appropriate filing fee. The magistrate commented: "It is in my file, it is listed as an answer to the allegations, unverified."

he accepted only as "an answer to the allegations, unverified." Loomis requested permission to swear to the contents of the letter or, alternatively, to present oral testimony in opposition to the motion. The magistrate refused this request and granted summary judgment to Golay. Loomis then obtained counsel and moved to have summary judgment set aside pursuant to I.R.C.P. 60(b). The magistrate denied this motion. On appeal to the district court, Loomis' counsel argued that the magistrate erred in granting summary judgment and abused his discretion by denying Loomis' motion to set aside the judgment. The district court affirmed the magistrate and wrote:

> On an appeal from a summary judgment ruling, the scope of appellate review is limited to determining whether there exists genuine issues of material fact and whether the prevailing party is entitled to judgment as a matter of law. *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). A determination of whether a genuine issue of material fact exists is to be based on the pleadings, depositions, and admissions on file, together with the affidavits, if any. *Mitchell v. Sequeiros*, [*Siqueiros*] 99 Idaho 396, 582 P.2d 1074 (1978).
>
> A review of the record shows that the magistrate based his ruling on the following materials. The magistrate had before him respondent's complaint with a supporting affidavit of the amount allegedly due under a construction contract. The only evidence presented by the appellant to contest respondent's claims was an unverified answer. While factually specific, the unverified answer could not be considered by the magistrate. Unsworn statements are entitled to no probative weight in passing on motions for summary judgment. *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080 (Ct. App.1984). In the absence of affidavits and opposed only by an unverified answer, the summary judgment motion was essentially uncontested. With no evidence cognizable under Rule 56(c) before the court, no facts were presented by appellant to raise a material issue of fact. The magistrate committed no error in determining no issue of material fact was presented. On appeal, this court is presented with the same evidence and reaches the same conclusion as that reached by the magistrate.

The district court also held that the magistrate did not abuse his discretion by not continuing the hearing or accepting sworn testimony from Loomis. The district court wrote:

> No abuse of discretion has been shown by appellant for a number of reasons. First of all, the record shows that appellant did not even request a continuance. Secondly, even had a continuance been requested, it would have been improper for the magistrate to grant it under the rules of procedure. Rule 56(f) provides:
>
> **When affidavits are unavailable in summary judgment proceedings.—** Should it appear *from the affidavits of a party opposing the motion* that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.
>
> Idaho Rules of Civil Procedure, Rule 56(f). (Emphasis added.)
>
> Rule 56(f) clearly requires a party who is unable to present affidavits which factually justify his opposition to the motion to state *by affidavit* the reasons he is unable to oppose the motion by use of affidavits. Appellant presented no affidavits in opposition of the motion and presented no affidavit which stated his reasons for not being able to oppose the motion by affidavit. [*Citing, Prather v. Industrial Investment Corporation*, 91 Idaho 682, 429 P.2d 414 (1967).]
>
> . . . .
>
> [T]he magistrate did not abuse his discretion by not continuing the hearing or refusing to allow appellant to present oral testimony or swear to the truth of the contents of his answer.

The district court also rejected Loomis' argument that the magistrate abused his discretion by refusing to overturn summary judgment pursuant to I.R.C.P. 60(b). The district court wrote:

> Where discretionary grounds are invoked for relief from a judgment, the standard of review is abuse of discretion. *Knight Ins., Inc. v. Knight,* 109 Idaho 56, 704 P.2d 960 (Ct.App.1985). Whether a court has abused its discretion in ruling on a motion to set aside a judgment requires a determination of whether: (1) [t]he trial court made findings of fact which were not clearly erroneous; (2) the court applied the proper criteria under I.R.C.P. 60(b); and (3) the court's legal conclusions followed logically from the application of such criteria to the facts found. *Bull v. Leake,* 109 Idaho 1044, 712 P.2d 745 (Ct.App.1986).
>
> Applying the above analysis to the present case shows the following. The magistrate in ruling on appellant's motion found that no cognizable evidence was presented by appellant in opposition to respondent's summary judgment motion. The reasons advanced by appellant for not presenting evidence in opposition to the motion were that appellant believed that he was in small claims court and all that was required of him was to send a letter to the court explaining facts in defense of the action and show up on the date set for hearing to argue his claim before the court. Appellant further stated that because the action was in magistrate's court not small claims court as he believed, he was not aware of the requirements that he would need some form of sworn testimony to oppose the summary judgment motion.
>
> At the hearing on the motion to set aside the judgment, appellant argued that the failure to provide cognizable evidence in opposition to the summary judgment motion was the result of mistake and/or excusable neglect. In reaching his decision denying appellant relief under Rule 60(b), the magistrate found that any mistake made by appellant was a mistake of law, not of fact, and that no relief could be provided based on said mistake. The magistrate also found the facts did not present a case of excusable neglect as contemplated by Rule 60(b)(1).
>
> This court finds that the trial court made findings of fact which were not clearly erroneous, applied the proper criteria under Rule 60(b)(1) and that the legal conclusions he reached followed logically from the application of such criteria to the facts found. This court finds that the magistrate did not abuse his discretion in denying appellant relief under Rule 60.

The Court of Appeals reversed the district court's order affirming the magistrate's entry of summary judgment for Golay. The Court of Appeals did not address the I.R.C.P. 60(b) issue but reversed the district court on the grounds that the magistrate abused his discretion (1) because under I.R.C.P. 43(e) he may have allowed Loomis to provide opposing oral testimony at the summary judgment hearing and (2) because "[i]n the peculiar circumstances of this case, we believe it was an abuse of discretion to disallow an in-court verification of Loomis' answer." The Court of Appeals concluded that "verification of the answer [the Loomis letter] would have properly framed the issue of whether there was a genuine dispute of material fact, requiring a trial on the merits." For the reasons set out below, we vacate the Court of Appeals decision and affirm the decision of the district court and the magistrate.

I

We first address whether the magistrate erred by disallowing Loomis' offer to testify in opposition to the summary judgment motion, or in the alternative, to verify his letter, which the magistrate accepted as an "answer to the allegations, unverified."

 On appeal Loomis argues that I.R.C.P. 43(e) permits a party to submit oral testimony in opposition to a motion for summary judgment at the time of the hearing on the motion.[2] However, I.R.C.P. 43

---

2. **Rule 43(e). Evidence on motions.**—When a motion is based on facts not appearing of

is a rule which deals primarily with the taking of testimony and evidence at trial and with the conduct of examination and cross examination. I.R.C.P. 56, on the other hand, specifically establishes the procedure to be followed in summary judgment proceedings. I.R.C.P. 56(a) and (b) set out who may bring such a motion and when it may be brought. I.R.C.P. 56(c) specifically provides that, "The motion, affidavits and supporting brief shall be served at least twenty eight (28) days before the time fixed for the hearing. If the adverse party desires to serve opposing affidavits he must do so at least 14 days prior to the date of the hearing....." The procedure for summary judgment is specifically set forth in I.R.C.P. 56, and the general provision in I.R.C.P. 43(e) is inapplicable to summary judgment proceedings. Even if I.R.C.P. 43(e) were applicable, it is permissive only in that, "the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions." Here the trial court did not permit Loomis to be sworn and testify concerning the matters contained in his answer. Rather, the trial court correctly followed the dictates of I.R.C.P. 56(c) and decided the case upon the "pleadings, depositions, and admissions on file." In so ruling the trial court did not err. I.R.C.P. 56(c) and (e).[3]

■ As the magistrate and district courts correctly pointed out, the only document on file opposing Golay's motion for summary judgment was the Loomis letter, which was not verified. Because "[u]nsworn statements are entitled to no probative weight in passing on motions for summary judgment," *Camp v. Jiminez*, 107 Idaho 878, 882, 693 P.2d 1080, 1084 (Ct.App.1984); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the magistrate did not err in granting Golay's motion for summary judgment. Additionally, as the district court correctly pointed out, Loomis did not move for a continuance nor did he submit an affidavit supporting a motion for "a continuance to permit affidavits to be obtained," I.R.C.P. 56(f). Accordingly, the magistrate did not err by failing to order a continuance when there was presented neither a motion for continuance nor an affidavit necessary to support such motion.

## II

Next we consider whether the magistrate erred by refusing to grant Loomis' motion for relief from the summary judgment pursuant to I.R.C.P. 60(b). Loomis alleges that any failure on his part to properly oppose the motion for summary judgment

---

record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

**3.** Loomis acknowledges that *Rawson v. Idaho State Board of Cosmetology*, 107 Idaho 1037, 695 P.2d 422 (Ct.App.1985), cited in support of his argument that I.R.C.P. 43(e) permits oral testimony at a summary judgment hearing, is merely *dicta*. We conclude that this *dicta* directly contradicts the meaning of I.R.C.P. 56(e). In *Rawson*, the Court of Appeals wrote:

> [Oral] testimony is a permissible, albeit seldom used, method of presenting information in support of, or in opposition to, a motion for summary judgment. The federal counterpart to Rule 43(e), I.R.C.P., authorizing the use of oral testimony on motions in general, has been held applicable to motions for summary judgment under rule 56. *E.g., Hayden v. First National Bank*, 595 F.2d 994 (5th Cir. 1979). Nothing in Rule 56 precludes such use of testimony. To the contrary, the practice has been recognized. *See* 10A C. WRIGHT, A.

MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2723 (1983). Accordingly, we hold that testimony may be used in connection with motions for summary judgment in Idaho. It logically follows that such testimony, when introduced for this limited purpose, does not convert a Rule 56 hearing into a trial.

107 Idaho at 1042, 695 P.2d at 427.

We believe the correct analysis of I.R.C.P. 56 is that it does not allow for oral testimony to be heard at the time of hearing on a motion for summary judgment, regardless of the permissive language contained in I.R.C.P. 43(e), stating that "the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions." I.R.C.P. 56(e) plainly states that "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, *by affidavits or as otherwise provided in this rule*, must set forth specific facts showing there is a genuine issue for trial." (Emphasis added.) Accordingly, to the extent any language contained in *Rawson* contradicts our holding today, it is expressly rejected.

was excusable neglect or the result of a mistake. Loomis argues that in fairness summary judgment should be reversed and a new hearing held because he acted conscientiously and in good faith at the initial summary judgment hearing; he just thought that what he was attending was a small claims trial, not a summary judgment proceeding.

 We note initially that while Loomis appeared at the summary judgment hearing *pro se*, he may not request special consideration on that basis. *"Pro se* litigants are held to the same standards and rules as those represented by an attorney." *Golden Condor, Inc. v. Bell*, 112 Idaho 1086, 1089, n. 5, 739 P.2d 385, 388, n. 5 (1987); *State v. Sima*, 98 Idaho 643, 570 P.2d 1333 (1977). We agree with the district court's analysis of this issue as set forth in its decision denying Loomis' petition for rehearing.

> The facts of the present case do not demonstrate excusable neglect as contemplated by I.R.C.P. 60(b)(1). The present case presents a situation more similar to that found in *Golden Condor.* ... *Golden Condor* dealt with a *pro se* litigant's failure to preserve an issue for appeal which precluded consideration of the issue on appeal. The Idaho Supreme Court noted:
>
>> In all likelihood this result [failure to preserve issue for appeal] has come about due to appellant's lack of understanding of the procedural rules of law. Nevertheless, the failure to abide by such rules may not "be excused simply because [appellant was] appearing *pro se* and may not have been aware of the rule[s]." *Scafco Boise, Inc. v. Rigby,* 98 Idaho 432, 434, 566 P.2d 381, 838 (1977). *Pro se* litigants are held to the same standards and rules as those represented by an attorney. *State v. Sima,* 98 Idaho 643, 570 P.2d 1333 (1977).

*Golden Condor, Inc. v. Bell,* [112 Idaho at 1089, n. 5, 739 P.2d at 388, n. 5] (1987). The summary judgment entered against the appellant in the present case was the result of his not being aware of the rules requiring verification of pleadings. Failure to be aware of the requirements of procedural rules does not constitute excusable neglect. Summary judgment having been properly entered and appellant having failed to show excusable neglect, the trial court properly denied appellant's motion to set aside the judgment under Rule 60(b).

Had the trial court affirmatively misled appellant as to the adequacy of his unverified answer prior to the hearing on the summary judgment motion, a different case would be presented. However, as stated, appellant's failings, as argued at summary judgment and on the motion to set aside, were the result of appellant's lack of understanding of the procedural rules of law and, as such, do not constitute excusable neglect.

We conclude that the district court's analysis of this case under I.R.C.P. 60(b) was not erroneous. The district court correctly stated and applied the standard for determining whether an I.R.C.P. 60(b) motion should have been granted by the magistrate court on the ground of alleged mistake or excusable neglect.[4] Loomis cites *Schraufnagel v. Quinowski,* 113 Idaho 753, 747 P.2d 775 (1987), in support of his argument that he should be given special consideration due to his *pro se* status at the summary judgment hearing. In *Schraufnagel,* the Court of Appeals discussed the rule concerning *pro se* litigants as set forth by this Court in our cases, *see, e.g., Golden Condor, Inc v. Bell,* 112 Idaho 1086, 739 P.2d 385 (1987); *Newbold v. Arvidson,* 105 Idaho 663, 672 P.2d 231 (1983); *Crumley v. Minden,* 80 Idaho 391, 331 P.2d 275 (1958), characterizing it as "the *general* rule in Idaho that *pro se* litigants

---

**4.** Under the predecessor to I.R.C.P. 60(b), former I.C. § 5–905, mistake and excusable neglect as grounds for vacating a judgment were "such as might be expected on the part of a reasonably prudent person. *Johnson v. Noland,* 78 Idaho 642, 308 P.2d 588 [ (1957) ]." *Crumley v. Min-*

*den,* 80 Idaho 391, 394, 331 P.2d 275, 277 (1958). "One who willfully, for no sufficient legal reason, disregards processes of a court, does not act as a reasonably prudent person would or should act under similar circumstances." 80 Idaho at 395, 331 P.2d at 277–278.

are *normally* held to the same rules as those represented by attorneys." 113 Idaho at 755, 747 P.2d at 777 (emphasis added). However, our decision in *Golden Condor, Inc.*, did not state that *pro se* litigants are only "normally" held to the same rules as those represented by attorneys, as the Court of Appeals stated in *Schraufnagel v. Quinowski*. Rather, in *Golden Condor* we held that, *"Pro se* litigants *are* held to the *same* standards and rules as those represented by an attorney." *Golden Condor, Inc. v. Bell,* 112 Idaho at 1089, n. 5, 739 P.2d at 388, n. 5 (emphasis added). Accordingly, we reject Loomis's argument that his failure to abide by the summary judgment procedural rules may "be excused simply because [appellant was] appearing *pro se* and may not have been aware of the rule[s]." *Scafco Boise, Inc. v. Rigby,* 98 Idaho 432, 434, 566 P.2d 381, 383 (1977).

Accordingly, we conclude that the magistrate did not abuse his discretion by denying Loomis' I.R.C.P. 60(b) motion for relief due to alleged mistake and/or excusable neglect.

The order of the district court affirming the magistrate's order granting summary judgment to plaintiff Golay is hereby affirmed; the opinion of the Court of Appeals in this matter is vacated.

JOHNSON and BOYLE, JJ., concur.

McDEVITT, J., concurs in the result.

BISTLINE, Justice, dissenting.

### WITH JUSTICE FOR NONE

### I.

The caption serves to express my dismay for a majority opinion which I did not ever expect to see emanate from this Court. In addition to being wholly unfair to Mr. Loomis, it also serves the unsalutary purpose of vitiating the admirable opinion of the Court of Appeals. That court was eminently correct in seeing that "the proper decision is so clear and compelling that any contrary determination would constitute, *ipso facto,* an abuse of discretion." Citing *In the Matter of the Estate of Kunzler,*

109 Idaho 350, 355, 707 P.2d 461, 465 (Ct. App.1985). I wholly embrace the Court of Appeals' opinion, and wish only that I could take credit as its author. Being unable to do so, some small credit is gained by preserving it in the reports. It is attached hereto as Appendix A.

The majority opinion issuing from this Court must be based upon some philosophy which wholly escapes me. My only surmise is that those in the majority have determined to demand blind obeisance to the Court's rules at the cost of forsaking justice. There appears to be no other reason for making such a super-technical application of the rules against an Idaho litigant whose only offense was in believing that he was being hailed into Judge Wapner's court where justice is no obstacle to achieving it. Were Mr. Loomis an attorney but recently admitted to practice, and had omitted the requirement of a verification, most of the trial bench and bar would expect, based on prior cases, that in the interests of reaching a *determination on the merits* a default determination would be readily rescinded.

On the other hand, henceforth attorneys may be held to have complete knowledge of the Book of Rules, now over two inches thick. The majority seems to be little aware that the decision of the Court of Appeals did not rule that Mr. Loomis is the prevailing party in the litigation, but only that he is entitled to litigate, which for many years was thought to be the reason for having courts.

I can understand one solitary trial judge, confronted with the situation which existed here, concluding that he is but an umpire calling balls and strikes, and I think it a shame that trial judges apparently have been given the impression that it would be improper to consult with one another. Likewise, it is understood that a district court, acting in an appellate capacity, will have respect for the trial court's conclusions, perhaps too much so on occasions of which this is assuredly one, and perhaps may not have been made aware of the overwhelming tenor of this Court's philosophy prior to this opinion that the preamble

of the Idaho Rules of Civil Procedure favor a determination on the merits.

## II.

Moreover, precedential Idaho case law, and the preamble to the rules of civil procedure, all substantiate the Court of Appeals and demonstrate the majority's extreme deviation from precedent. Yet the majority does not overrule any precedent, although at page 391, 797 P.2d at 99, in a mini-opinion relegated to footnote 3, it seems to indirectly do so: "Accordingly, *to the extent* any language contained in *Rawson* contradicts our holding today, it is expressly rejected." Whatever the extent may be henceforth is for the trial courts to divine on an ad hoc basis.

It will probably appear to the trial bench and bar passingly strange that the Supreme Court, author of all rules, finds it necessary to analyze them, as it does here, but then arrives at a meaningless conclusion. All that I can deduce from footnote 3 is that the attempted analysis could not resolve what is meant by *"or as otherwise provided in this rule."* Clearly, the majority does itself no credit whatever in suggesting that the Court of Appeals was wrong when in *Rawson* it held that "[n]othing in Rule 56 precludes such use of [oral] testimony."

Worse than the injustice done to Mr. Loomis, and worse than the discredit needlessly and unjustifiably heaped upon the Court of Appeals, is the shambles made of case law precedent. *Golay v. Loomis* does not replace the following cases and their holdings, it simply joins them and contradictory precedent:

> Whenever possible, a ruling on the merits of an appeal should be rendered. *Bunn v. Bunn*, 99 Idaho 710, 587 P.2d 1245 (1978). *Accord Irby v. Christian*, 130 Ga.App. 375, 203 S.E.2d 284 (1973), *rev'd Department of Public Safety v. Irby*, 232 Ga. 384, 207 S.E.2d 23 (1974) (on other grounds). '[P]rocedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice.'

*Stoner v. Turner*, 73 Idaho 117, 121, 247 P.2d 469, 471 (1952). Idaho's rules of civil procedure are to 'be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding.' I.R.C.P. 1(a). With respect to appeals to the district court, Rule 83(x) provides 'these rules shall be construed to provide a just, speedy and inexpensive determination of all appeals.'

In *Bunn v. Bunn, supra,* our Supreme Court reviewed a district court's dismissal of an appeal from the magistrate division. The dismissal had been entered because of lack of diligent prosecution when the appellant failed to timely file a transcript of the magistrate's proceedings. Determining that the district court abused its discretion, the Court stated:

> A "determination" of an action within the meaning of [I.R.C.P.] 1 is meant to be a *determination* of the controversy on the merits—not a *termination* on a procedural technicality which serves litigants not at all. A determination entails a finding of the facts and an application of the law in order to resolve the legal rights of the litigants who hope to resolve their differences in the courts. The "liberal construction" of the rules required by Rule 1, while it cannot alter compliance which is mandatory and jurisdictional, will ordinarily preclude dismissal of an appeal for that which is but technical noncompliance. This will be especially so where no prejudice is shown by any delay which may have been occasioned. Rule 83(s), which governs appeals from magistrate court to district court, does not require dismissal for failure of an appellant to punctually take any of the required steps; *specifically* dismissal is but *a* sanction, albeit the ultimate one, for failing to diligently process an appeal. Judicial discretion, the exercise of which may result in an appeal's dismissal, must be a *sound* judicial discretion. Sound judicial discretion properly exercised will reflect the judicial policy of this State developed over many years by case law, and lying

within the spirit of liberality mandated by Rule 1. [Emphasis in original.] *Id.*, 99 Idaho at 712, 587 P.2d at 1247. In a slightly different vein, we upheld a district court's refusal to dismiss an appeal, concluding:

[F]ailure of a party to timely take any step in the appeal—other than filing the notice of appeal or cross-appeal—is not jurisdictional, but may be grounds for such sanction as the district court deems appropriate, including dismissal of the appeal. I.R.C.P. 83(s). The sanctions for failing to diligently prosecute an appeal from the magistrate division are discretionary with the district court. Sound judicial discretion in refusing to invoke a sanction will not be disturbed on appeal. In light of the judicial policy of encouraging resolution of legal disputes on the merits, we find no abuse of discretion by the district court in its refusal to dismiss the appeal from the magistrate division.

*Duff v. Bonner Bldg. Supply, Inc.*, *supra*, 103 Idaho at 436, 649 P.2d at 395.

In the absence of an adequate record to decide a case, or a sufficient reason for failure to produce a record, the appellate court may summarily affirm. *See, e.g., State ex rel. Hodges v. Hodges*, 103 Idaho 765, 653 P.2d 1177 (1982). Where the record is sufficient to resolve some issues, those issues should be decided on the merits. *E.g., Brattrud v. Town of Exline*, 628 F.2d 1098 (8th Cir.1980); *Thomas v. Computax Corp.*, 631 F.2d 139 (9th Cir.1980). Appeals will be dismissed only for good reason and on grounds recognized by statute or by rule, or because of such substantial defects as to render impossible a proper disposition of the cause on appeal. 5 C.J.S. *Appeal and Error* § 1353 (1958). An appeal should not be dismissed automatically in every instance where the rules of civil or appellate procedure have not been strictly followed. *Yetter v. Kennedy*, 175 Mont. 1, 571 P.2d 1152 (1977). Dismissal for noncompliance with the rules of appellate procedure is discretionary, but '[s]ound judicial discretion properly exercised will reflect the judicial policy of this

State....' *Bunn v. Bunn*, *supra*, 99 Idaho at 712, 587 P.2d at 1247.

Failure to procure a transcript may constitute failure to diligently prosecute, *Anderson v. White*, 51 Idaho 392, 5 P.2d 1055 (1931); *Stripling v. PMC Realtors, Inc.*, 83 N.M. 170, 489 P.2d 883 (1971); *but see Evans v. City of American Falls*, 51 Idaho 89, 1 P.2d 632 (1931) (where appellant not cause of delay). In *Bistline v. Eberle*, 88 Idaho 473, 401 P.2d 555 (1965), our Supreme Court was presented with a motion to dismiss the appeal because the appellant had failed to timely file a transcript of the lower court's proceedings. The Court refused to dismiss, noting that such a sanction was discretionary and should not be invoked in the absence of a showing of prejudice to the respondent. Here, the Bernards claim that they were prejudiced by Roby's failure to pay transcript fees. They urge they were forced to delay executing on the judgment because execution costs would be wasted in the event the trail court's judgment was reversed. However, no stay of execution of the judgment was in effect. Any judgment is subject to reversal on appeal, but this risk alone does not justify dismissal. The district court was free to rule on the merits of issues of law raised by Roby. We are unpersuaded that the Bernards were prejudiced by Roby's failure to provide the district court with a transcript of the lower court proceedings.

In the alternative, the Bernards argue that the decision to dismiss should be upheld because Roby failed to post security as ordered. We find this theory without merit. As noted, no stay was in effect. Failure to post security merely exposed Roby to execution of the magistrate's judgment. *See I.A.R.* 13(b)(14). It would not foreclose an appeal, or alone, be an appropriate ground for dismissal.

We conclude the district court exercised its discretion unwisely. Where an appellant finds it financially or otherwise impractical to pay the cost of the transcript, the appellant should have the op-

tion of proceeding on the merits of the questions of law raised in the appeal. Dismissal for failure to pay transcript costs may be appropriate where all issues on appeal require a transcript, such as those which challenge the sufficiency of the evidence; but Roby's appeal included questions of law that facially appear not to require a transcript. We hold that the district court in this case must address any relevant questions of law that can be resolved without a transcript.

*Bernard v. Roby,* 112 Idaho 583, 588–89, 733 P.2d 804, 809–90 (Ct.App.1987) (footnotes omitted). From *Stirm v. Puckett,* 107 Idaho 1046, 695 P.2d 431 (Ct.App.1985):

> Idaho shares Montana's concern for disposing of cases upon their merits. In *Orange Transportation Co. v. Taylor,* 71 Idaho 275, 280–81, 230 P.2d 689, 692–93 (1951), our Supreme Court said:
>
>> What constitutes excusable neglect, or just how a reasonable [sic] prudent person should act under similar circumstances are comparative terms and the decisions as to when a default and a judgment may be set aside and answer permitted, may appear at times to be somewhat in conflict.... Each case must be examined in light of the facts presented, and the circumstances surrounding the same. * * * In doubtful cases, the general rule is to incline toward granting relief from the default and bring about a judgment on the merits.
>
> The Supreme Court underscored this view in *Stoner v. Turner,* 73 Idaho 117, 121, 247 P.2d 469, 471 (1952), where it said:
>
>> [E]xcept as to those which are mandatory or jurisdictional, procedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice. The purpose of Section R 5–905, I.C. [statutory predecessor of Rule 60(b)], is to provide a means of relieving a litigant from the harsh and often unjust consequences of a strict application of the time requirement.

> To that end the court's discretion should be freely and liberally exercised.
>
> Even in this day of burgeoning case loads, we have not compromised Idaho's commitment to decide cases on their merits. In *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App.1983), we stated:
>
>> [A] motion to set aside a default judgment because of mistake, inadvertence, surprise or excusable neglect presents questions of fact to be determined by the district court. After the court has found the facts, it must decide whether these facts are sufficient, under prior legal standards, to warrant the relief sought. This application of law to the facts is tempered by a general policy in Idaho— that, in doubtful cases, *relief should be granted to reach a judgment on the merits.*

*Stirm,* 107 Idaho at 1050, 695 P.2d at 435 (emphasis added).

Similarly, in the context of imposing sanctions, the Court has sought the liberality as declared in the preamble to the Rules of Civil Procedure, Rule 1(a): "These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding."

Just shortly before his death in one of the very last opinions in which he participated, Justice Donaldson, after noting Justice Bakes discussion of *Devault v. Herndon,* 107 Idaho 1, 684 P.2d 978 (1984), wrote in his special concurring opinion:

> However, we did not rule in *Devault* that any time a trial judge orders sanctions in the form of a dismissal of claims, his actions will be affirmed on appeal as a proper exercise of discretion. An appellate court must first determine whether the lower court properly applied the correct legal standard governing the available discretionary alternatives.
>
> ....
>
> The trial judge should use the sanction power wisely and ultimately try to achieve the efficient administration of justice. He should not consider one aim more important than the other aim, but

generally he should try to attempt to satisfy the aim of encouragement before applying the more drastic punishment sanction.

. . . .

'[I]t seems especially fitting that courts should not impose a drastic sanction that will prevent adjudication of a case on its merits except on the clearest showing that this court is required.... The courts have ... exercised their discretion in a fashion intended to encourage discovery rather than simply to punish for failure to make discovery.'

. . . .

One party should not be thrown out of court without consideration of some of the lesser alternatives available to the trial judge. If the litigation can be expediently moved on, simply by an award of costs against the guilty party, then this would be the appropriate action. The trial judge must first consider the lesser alternatives before reaching for the most drastic remedies available.

. . . .

Other factors to consider is the length of time a trial might have to be postponed to allow the parties to properly meet the criteria imposed by the judge ... [T]he court should impose a sanction which will most substantially lead to the efficient administration of justice.

. . . .

With the guidelines I have set forth, it is hoped that the trial courts *will be able to wisely exercise the power and safeguard the court system* from a waste of resources, and undue delay.

*Southern Idaho Prod. Credit v. Astorquia,* 113 Idaho 526, 531–32, 746 P.2d 985, 990–91 (1987).

### APPENDIX A

In The Court of Appeals of The State of Idaho

No. 17347

1989 Opinion No. CA–136

Filed: August 1, 1989

Frederick C. Lyon, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. D.B. Meehl, District Judge. Hon. M.C. Edwards, Magistrate Judge.

District court decision, upholding magistrate's summary judgment for plaintiff in contract action, *reversed.* Case *remanded.*

Kathleen E. Rivers (Roark, Donovan, Praggastis, Elkins & Phillips), of Ketchum, for appellant.

William Hollifield (Decker & Hollifield), of Twin Falls, for respondent.

BURNETT, J.

The dispositive question in this case is whether a party opposing a motion for summary judgment should have been allowed to verify a previously unsworn pleading in open court. A magistrate rejected the offer of in-court verification. He then granted a motion for summary judgment solely on the ground that it had not been opposed by affidavit or other sworn statement under I.R.C.P. 56. On appeal, the district court affirmed. Today we reverse the district court's decision and remand the case.

The background facts may be recited briefly. George Loomis, a building contractor, engaged the services of another contractor, Byrd Golay, in a residential construction project. A dispute arose over compensation for extra work. Golay filed a complaint seeking payment of $2,111.25. The complaint was signed only by Golay's attorney. Loomis, acting *pro se,* submitted to the court a document entitled "Response to Complaint," in which he detailed the underlying transaction and controverted most of Golay's allegations. Upon receiving the appropriate filing fee, the court clerk accepted this document and filed it as an answer. Neither the answer nor Golay's complaint was verified.

Apparently unaware that Loomis had answered, Golay's attorney sought the entry of a default and filed his client's "affidavit of amount due." In pertinent part, the affidavit simply averred that Loomis "was

to pay an additional sum of $2,111.25 for extra work done on the fireplace, column 12' block, and for heating charges[,] and he has failed to pay the sum which is due and owing." Upon learning of Loomis' answer, Golay's attorney abandoned his effort to obtain a default. Instead, he filed a motion for summary judgment "based on the files and records herein." On the date set for hearing on the motion, Loomis appeared in court and argued against summary judgment for the reasons set forth in his answer. When the magistrate noted that the answer was unverified, Loomis offered to verify it under oath in open court. However, the magistrate granted Golay's motion for summary judgment, observing that the answer was "not sworn to and it would have to have been done prior to you coming to court."

Loomis then retained an attorney who promptly filed a motion for relief from the summary judgment under I.R.C.P. 60(b). The motion was accompanied by an affidavit in which Loomis reiterated the contents of his previous answer and stated that he had assumed the court would allow a sworn statement at the hearing. This assumption, he explained, was based on his prior experience in small claims litigation. The magistrate refused to grant relief.

Loomis appealed to the district court from the summary judgment and from the order denying his Rule 60(b) motion. His counsel argued that the magistrate should have permitted Loomis to verify the answer and, in any event, that relief from the summary judgment should have been granted for excusable neglect. The district judge upheld the magistrate's denial of the Rule 60(b) motion, reasoning that Loomis' asserted "neglect" actually was a mistake of law, for which relief would not be granted. In upholding the summary judgment, the district judge said that verification by an oral statement under oath would not have been appropriate in proceedings under I.R.C.P. 56. He elaborated as follows:

> It is apparent that the rules regarding summary judgment proceedings envision the use of pleadings, depositions, admissions, answers to interrogatories and affidavits by the judge in reaching his decision on the motion. The purpose of summary judgment would be defeated by the use of oral testimony. The end result, if oral testimony were allowed, would be a full-blown trial or at least a mini-trial during the hearing. It is conceivable that if one party were allowed to present oral testimony, the opposing party would insist, and rightly so, on being allowed to present rebuttal testimony. The end result is foreseeable, a trial at the summary judgment hearing.... [T]he magistrate did not abuse his discretion ... by refusing to allow appellant to present oral testimony or swear to the truth of the contents of his answer.

In the appeal now before us, Loomis again challenges the summary judgment and the order denying his Rule 60(b) motion. We do not reach the Rule 60(b) question today, except to remind our readers that excusable neglect is not always vitiated by a mistake of law. *See Schraufnagel v. Quinowski,* 113 Idaho 753, 747 P.2d 775 (Ct.App.1987); *Stirm v. Puckett,* 107 Idaho 1046, 695 P.2d 431 (Ct.App.1985). In this case, however, the dispositive question is whether the summary judgment was proper—that is, whether the judgment should have been entered on the rationale that it had not been opposed by an affidavit or other sworn statement, after the magistrate disallowed an in-court verification of Loomis' answer.

With all due respect to the district judge, we are constrained to disagree with his sweeping assertion that oral statements or testimony have no place in summary judgment proceedings. Rule 43(e), I.R.C.P., provides that a court may consider a motion on affidavits or "may direct that the matter be heard wholly or partly on oral testimony or depositions." Referring specifically to Rule 43(e), we said the following in *Rawson v. Idaho State Board of Cosmetology,* 107 Idaho 1037, 1042, 695 P.2d 422, 427 (Ct.App.1985):

> [Oral] testimony. is a permissible, albeit seldom used, method of presenting information in support of, or in opposition to, a motion for summary judgment. The

federal counterpart to Rule 43(e), I.R. C.P., authorizing the use of oral testimony on motions in general, has been held applicable to motions for summary judgment under Rule 56. *E.g., Hayden v. First National Bank,* 595 F.2d 994 (5th Cir.1979). Nothing in Rule 56 precludes such use of testimony. To the contrary, the practice has been recognized. *See* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2723 (1983). Accordingly, we hold that testimony may be used in connection with motions for summary judgment in Idaho. It logically follows that such testimony, when introduced for this limited purpose, does not convert a Rule 56 hearing into a trial.

Of course, Rule 43(e) does not *compel* a judge to accept oral statements or testimony. It says the judge "may" do so. However, the judge must exercise this discretion reasonably. Here, if the magistrate rejected an in-court verification of Loomis' answer upon the supposition—expressed by the district judge—that any form of oral testimony is precluded in a summary judgment proceeding, then his exercise of discretion was tainted with legal error. We have considered an additional possibility that the magistrate rejected the in-court verification because it would have been similar to admitting an affidavit after the fourteen-day filing deadline contained in Rule 56(c). But if this was the magistrate's concern, he did not expressly say so. Moreover, he did not acknowledge his discretionary power, under the same rule, to "alter or shorten" the fourteen-day time period.

Generally speaking, when a trial judge misperceives the law governing a discretionary decision, or fails to recognize the proper scope of his discretion, the appropriate appellate response is to remand the case for reconsideration under the clarified legal standard. *Kunzler v. Kunzler,* 109 Idaho 350, 707 P.2d 461 (Ct.App.1985). However, as we further noted in *Kunzler,* such a remand is unnecessary if the proper decision is "so clear and compelling that any contrary determination would constitute, *ipso facto,* an abuse of discretion." *Id.* at 355, 707 P.2d at 466.

In the peculiar circumstances of this case, we believe it was an abuse of discretion to disallow an in-court verification of Loomis' answer. It will be recalled that neither the complaint nor the answer was verified. There was no affidavit in support of the motion for summary judgment, except the terse "affidavit of amount due" which had been filed during the aborted effort to obtain a default. Loomis' answer, containing detailed allegations of fact, had been on file, and its contents had been known, for some time prior to the motion for summary judgment. The answer simply required verification to be cognizable under Rule 56. *Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984). Loomis' offer of oral testimony was limited to this narrow purpose. It would not have triggered the kind of "mini-trial" envisioned by the district judge. Neither does it appear from the record that allowing the answer to be verified would have produced unfair prejudice to Golay. To the contrary, verification of the answer would have properly framed the issue of whether there was a genuine dispute of material fact, requiring a trial on the merits.

We conclude that the summary judgment was entered improperly on the ground that it had not been opposed by affidavit or other sworn statement. The decision of the district court, upholding the judgment, is reversed. On remand, the district court shall direct the magistrate to vacate the judgment and to conduct further proceedings in accordance with this opinion. Costs to the appellant, Loomis. Attorney fees on appeal shall be reserved for determination and award by the magistrate, upon his ultimate adjudication of the prevailing party in this case.

WALTERS, C.J., and SWANSTROM, J., concur.