82 P.3d 850

**Thomas E. LINDSEY and Susan Lindsey, Plaintiffs–Appellants,**

v.

**Danny M. COOK and Mary Cook, husband and wife, Defendants–Respondents.**

No. 28661.

Supreme Court of Idaho,
Lewiston, October 2003 Term.

Dec. 23, 2003.

Thomas Lindsey and Susan Lindsey, Pro Se. Thomas Lindsey argued.

Dennis Albers, Grangeville, for respondents. Dennis Albers argued.

KIDWELL, Justice.

This is an appeal by the Appellants, Thomas and Susan Lindsey (hereinafter "Lindsey"), from the district court's grant of summary judgment in favor of the Respondents, Danny and Mary Cook (hereinafter "Cook"). The Lindseys argue a genuine issue of mate-

rial fact existed regarding the binding nature of the mediation agreement between the parties. The Lindseys further argue the district court erred by allowing oral testimony at the summary judgment proceeding. Because there is a genuine issue of material fact regarding the binding nature of the mediation agreement between the parties, the Order of the district court is vacated and remanded.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1985, the Idaho Department of Transportation granted the Lindseys a permit that allowed the Lindseys to use a State of Idaho right-of-way to access their property from U.S. Highway 95. The permit was for residential purposes only and it estimated six (6) crossings a day.

In November 1990, the Lindseys granted an easement to the Cooks. This easement was perpetual and bound the heirs, executors, administrators, successors and assigns of the parties to the easement. The easement allowed the Cooks to access their property by using the road across the Lindsey's property. The easement also allowed the Cooks to make use of the State of Idaho right-of-way. One condition of the easement precluded the Cooks from using the roadway for commercial purposes without the express written consent of the Lindseys. Another condition of the easement required the Cooks to assist in the maintenance of the roadway.

The Cooks later leased their property to the Laws. The Laws operated an outfitting business which made use of the Lindsey's roadway and the Idaho right-of-way. Because the Laws used the roadway for commercial purposes without the written consent of the Lindseys, the terms of the easement granted to the Cooks was violated. The Lindseys notified the Cooks of this violation in April 1999, and requested the Cooks tell their renters to cease and desist using the roadway for commercial purposes.

In June of 2000, the Lindseys filed suit against the Cooks and Laws seeking to have the easement terminated, remuneration for expenses the Lindseys incurred to maintain the road, and a permanent injunction. The Lindseys subsequently amended their complaint dismissing the Laws from the lawsuit.

Pursuant to I.R.C.P. 16(k), the district court ordered the parties attend mediation. The Cooks filed a motion supported by affidavits requesting the district court reconsider its mediation order. However, the district court denied this motion and the parties proceeded to mediation on October 31, 2001.

The mediation produced an agreement in the form of a handwritten document, the original of which the mediator kept. The appellants and their attorney signed the handwritten agreement. Dan Cook signed the agreement on his behalf and on behalf of his wife. The Cook's attorney also signed the agreement.

The terms of the handwritten agreement specified that three (3) other documents would be drafted-a Permanent Injunction, an Order of Dismissal, and a Stipulation. The Lindsey's attorney drafted each of these documents. The Stipulation was then forwarded to the Cooks. Dan and Mary Cook signed the Stipulation, as did their attorney. Clinton C. Cook, the son of Dan and Mary Cook, also signed the Stipulation. Clinton Cook consented to signing the stipulation because he had become the owner of Dan and Mary Cook's property subsequent to the commencement of the lawsuit.

After the Stipulation was signed by Dan, Mary, and Clinton Cook, as well as by Dan and Mary's attorney, it was forwarded to the attorney for the Lindseys. The Lindseys then refused to sign the Stipulation and they terminated the services of their attorney, deciding to proceed pro se. The Lindseys thereafter filed a Motion for Litigation to Proceed. The Cooks subsequently amended their answer without objection to add the affirmative defense of accord and satisfaction and filed a Motion for Summary Judgment. The Lindseys then filed a Motion for Dismissal of Summary Judgment and an Affidavit in support of their motion.

During the summary judgment hearing, the mediator's oral testimony was taken. At the end of the hearing, the district court

granted summary judgment in favor of the Cooks. The district court specified that the proposed permanent injunction and Order of Dismissal were to be signed. They were then to be entered by the district court and bind all the parties. These were never signed and the district court did not enter them. The Cooks were also awarded attorney fees. The Lindseys appeal to this Court.

## II.

### STANDARD OF REVIEW

 In an appeal from the grant of a motion for summary judgment, this Court employs the same standard as used by the district court originally ruling on the motion. *Scona, Inc. v. Green Willow Trust*, 133 Idaho 283, 286, 985 P.2d 1145,1148 (1999). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). In an appeal from summary judgment, this Court will determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 400–01, 987 P.2d 300, 312–313 (1999). The Court should liberally construe facts in favor of the non-moving party, together with all reasonable inferences from the evidence. *Id.*

## III.

### ANALYSIS

**A. The Lindsey's Affidavit Raised A Genuine Issue Of Material Fact Sufficient To Preclude The Entry Of Summary Judgment By The District Court.**

 The Lindsey's affidavit raised a genuine issue of material fact as to whether the mediation agreement was a final binding agreement or a preliminary agreement subject to change. At the district court level, the Cooks filed their Motion for Summary Judgment. In response, the Lindseys filed a Motion to Dismiss Summary Judgment and supported it with an affidavit. The Lindsey's affidavit stated that the ground rules set out by the mediator "were that anything said or signed there was not binding. The mediation was [an] informal meeting and that any agreement was subject to change and we had time to go home and think about it. This was a perleminary [sic] agreement and was not binding . . . ."

In liberally construing the facts in favor of the non-moving party, here, the Lindseys, together with all reasonable inferences from the evidence, we find the Lindsey's affidavit raised a genuine issue of material fact. *Coghlan*, 133 Idaho at 400–01, 987 P.2d at 312–313. Therefore, the district court erred by granting the Cook's Motion for Summary Judgment.

 Additionally, we find it necessary to address the taking of oral testimony during the summary judgment hearing. In *Golay v. Loomis*, 118 Idaho 387, 797 P.2d 95 (1990), we addressed this issue when we stated in footnote three that "the correct analysis of I.R.C.P. 56 is that it does not allow for oral testimony to be heard at the time of hearing on a motion for summary judgment." *Golay*, 118 Idaho at 391 n. 3, 797 P.2d at 107. In other words, I.R.C.P 56 forecloses the use of oral testimony at a summary judgment hearing.

### B. Attorney Fees

 The Cooks seek an award of attorney fees under I.C. § 12–121. However, that statute requires the Cooks be the prevailing party. Here, they are not. Therefore, their request for attorney fees on appeal is denied.

## IV.

### CONCLUSION

Because Mr. Lindsey's affidavit raises a genuine issue of material fact regarding the binding nature of the mediation agreement, we vacate the district court's order granting summary judgment to the Cooks and remand the case for further proceedings. The Cook's request for attorney fees is denied. Costs to Appellants.

Chief Justice TROUT, and Justices SCHROEDER, EISMANN and BURDICK concur.