IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36650

| CHARLES N. JUDGE, | ) | 2010 Unpublished Opinion No. 499 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 7, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order summarily dismissing application for post-conviction relief, <u>reversed</u> <u>and</u> <u>remanded</u>.

Charles N. Judge, Blackfoot, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Charles N. Judge appeals from the district court's order summarily dismissing his application for post-conviction relief without an evidentiary hearing. For the reasons set forth below, we reverse and remand for further proceedings.

## I.

## FACTS AND PROCEDURE

A police officer observed Judge driving suspiciously and determined that the vehicle had been reported stolen. Judge was arrested and subsequently pled guilty to grand theft of property exceeding $1000 in value. I.C. § 18-2407(1)(b)(1). Judge thereafter filed a motion to withdraw his guilty plea, arguing that Kelley Blue Book valued a vehicle in similar condition and with similar mileage at only $825. An evaluator for the state and the victim both valued the vehicle at approximately $1200. The district court found the state's valuation to be more credible and denied Judge's motion on the basis that he had failed to show just cause. The district court

sentenced Judge to an indeterminate term of five years. The district court ordered restitution in the amount of $825.

Judge filed a pro se application for post-conviction relief, alleging various claims of ineffective assistance of counsel and that the district court erred by denying his motion to withdraw his guilty plea. Judge also filed a motion for appointment of counsel, which the district court denied on the basis that no reasonable person would expend his or her own resources in pursuing Judge's claims. The district court gave notice of its intent to dismiss Judge's application on the basis that he had raised no genuine issue of material fact as to whether the district court had erred by denying his motion to withdraw guilty plea. The district court further gave notice that Judge's claims of ineffective assistance of counsel had failed to raise a genuine issue of material fact and were not supported by admissible evidence. Judge then filed a motion to disqualify the district judge, which was denied. Judge also responded to the district court's notice by again emphasizing the Kelley Blue Book value of $825 which also coincided with the amount of restitution ordered. The district court summarily dismissed Judge's application. Judge appeals.

## II.

## ANALYSIS

Judge argues that the district court erred by denying his motion for the appointment of post-conviction counsel. The district court denied Judge's motion without a hearing, reasoning that Judge "appears capable enough (in his 21 page Memorandum In Support) to proceed forward on this petition. Moreover, it appears doubtful that someone with their own resources would spend them on the claims in this petition." If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004).

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Id*. at 793, 102 P.3d at 1112. In its analysis, the district court should consider that applications filed by a pro se applicant may be conclusory and incomplete. *See id,* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a

claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In this case, the crux of Judge's argument is the valuation of the stolen property. Judge's claims of prosecutorial misconduct, ineffective assistance of counsel, and that the district court erred in denying Judge's motion to withdraw his guilty plea all rise from the disputed value. Judge's application for post-conviction relief and memorandum in support alleged that the police report contained the owner's description of his vehicle in a decrepit condition. Further, Judge supplied the Kelley Blue Book value of a vehicle of the same make and model, with similar mileage, and in similar condition. The estimated value was only $825. From the limited record before us, it appears the district court favored the state's estimated value of $1200 as the more credible. However, the district court then ordered restitution in the amount of $825. There are many reasons why the district court could order restitution in that amount, and this Court is without a sufficient record to conduct an accurate review. However, Judge's application has raised the possibility of a valid claim that the value of the stolen vehicle was less than the $1000 threshold making his crime a felony and that his attorney provided ineffective assistance in failing to pursue this defense in the district court and on appeal. We conclude that Judge's claim was not so patently frivolous that a reasonable person would not expend their own resources in pursuit thereof. The district court's additional reasoning that Judge appeared "capable enough" to represent himself because he could write an intelligible, 21-page memorandum in support of his application is not a valid basis for denial of the appointment of counsel. Therefore, the district court abused its discretion by denying Judge's motion for the appointment of post-conviction counsel. On remand, the district court is instructed to appoint post-conviction counsel to represent Judge in further proceedings on his claims for post-conviction relief.

The state argues that this Court should dismiss Judge's appeal for failure to provide adequate authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Non-inmate pro se

civil litigants are generally held to the same standards as those litigants represented by counsel. *See Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See id.* Whether these standards should be applied to a non-inmate pro se post-conviction applicant who is attempting to present a claim of violation of his or her constitutional rights is a question we need not decide today. Here, Judge has sought the assistance of counsel at every stage of these proceedings. Had he been supplied with the assistance of counsel, Judge could have created a record and presented an argument more suitable for appellate review. We have concluded that Judge's application for post-conviction relief presented the possibility of a valid claim and that his request for post-conviction counsel was wrongfully denied. Therefore, we decline to dismiss Judge's appeal on this procedural basis. Because we have concluded that this case should be remanded for the appointment of post-conviction counsel, we do not address Judge's other arguments.

### III.

### CONCLUSION

Judge's application for post-conviction relief and memorandum in support presented the possibility of a valid claim. Therefore, the district court abused its discretion by denying Judge's motion for the appointment of post-conviction counsel. Accordingly, the district court's order summarily dismissing Judge's application for post-conviction relief without an evidentiary hearing is reversed and this case is remanded for further proceedings consistent with this opinion. Costs, but not attorney fees, are awarded to Judge on appeal pursuant to I.A.R. 40.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

4