IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37235

| HAROLD FORD, | ) | 2011 Unpublished Opinion No. 380 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 8, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROLF M. KEHNE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order granting motion to dismiss, <u>affirmed</u>.

Harold Ford, Boise, pro se appellant.

William F. Lee, Emmett, for respondent.

_____

PERRY, Judge Pro Tem

Harold Ford appeals pro se from the district court's order granting Rolf M. Kehne's motion to dismiss. We affirm.

Ford retained Kehne, an Idaho attorney, to represent him in an appeal before the Idaho Supreme Court in *Ford v. Rawlinson*, Docket No. 30375 [Dismissed Nov. 10, 2004]. Although Ford paid Kehne a $10,000 retainer for work on the action, the appeal was dismissed by the Supreme Court for Kehne's failure to file an appellant's brief in November 2004. Ford filed a complaint with the Idaho State Bar in September 2006, and an amended complaint in February 2007. During the course of the disciplinary action, Kehne admitted that he had not been diligent in his representation of Ford which resulted in the dismissal of Ford's appeal. In May 2008, Kehne was ordered to return to Ford a portion of the paid retainer but not the full $10,000.

Ford thereafter filed the current action in March 2009. In his complaint, Ford alleged that Kehne had committed professional malpractice in his representation of Ford during the 2004 appeal. Ford claimed that as a result of Kehne's malpractice, the Supreme Court had dismissed

1

his appeal and requested $500,000 in compensatory and punitive damages. In response, Kehne filed a motion to dismiss Ford's complaint. In his motion, Kehne asserted that Ford's complaint was not filed within the two-year statute of limitation period under Idaho Code Section 5-219(4) and therefore was time barred. Ford filed an objection to Kehne's motion contending that the statute of limitation did not begin to run until his complaint before the bar was completely resolved in February 2009. He further contended that Idaho Code Section 5-218 was the applicable statute of limitation and allowed him three years from February 2009 to file his complaint.

Following oral argument, the district court found that I.C. § 5-219(4) was the applicable statue of limitation to Ford's complaint. The district court further found that the cause of action arose when the Supreme Court dismissed Ford's appeal in 2004. Finding that the bar disciplinary proceedings did not provide for a tolling of the statue of limitation, the district court concluded that Ford's complaint for malpractice was time barred. The district court granted Kehne's motion to dismiss Ford's complaint but denied Kehne's request for attorney fees and sanctions.

Thereafter, Ford filed a motion to reconsider wherein he reasserted his original arguments. In addition, Ford asserted federal rule and constitutional violations. Following a hearing on the motion to reconsider, the district court denied Ford's motion and finding that the motion had no merit, awarded $500 in sanctions to Kehne's attorney for defending the motion. Ford appealed.

On appeal, Ford alleges that the district court abused its discretion by failing to recognize that federal law tolled the statue of limitation and that the continuing tort doctrine applied to his case. He also claims that the district court should have taken into account his limited education and legal skills and erred in awarding attorney fees against him.

Idaho Code Section 5-219 states:

Actions against officers, for penalties, on bonds, and for professional malpractice or for personal injuries
    Within two (2) years:
        4. An action to recover damages for professional malpractice . . . the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom. . . . The term "professional malpractice" as used herein

refers to wrongful acts or omissions in the performance of professional services by any person . . . licensed to perform such services under the law of the state of Idaho.

In his case, Ford does not argue that he was unaware of the dismissal of his appeal due to Kehne's failure to file a brief in 2004. In his complaint Ford alleges:

5. The Defendant caused the plaintiff injury and grievous loss when the defendant failed in his professional duty to timely file the Plaintiff's Brief on Appeal, which resulted in the dismissal of Plaintiff's Appeal and created a procedural bar to any further review, by the higher court, of Plaintiff's civil action.

Ford goes on to acknowledge that he filed a bar complaint against Kehne for his professional malpractice in September 2006. It is clear from Ford's own representation of the facts that the "occurrence, act or omission complained of" happened in 2004 and that Ford was well aware of Kehne's malpractice within two years thereafter.

Ford attempts to claim that he did not know he was damaged until the bar proceedings were completed and he only received a portion of his $10,000 retainer back. However, he requests $500,000 in damages for Kehne's failure to file his appellate brief. Therefore, it is clear from the record that in 2004 Ford was also aware that Kehne's omission had caused Ford some actual damage. *See City of McCall v. Buxton*, 146 Idaho 656, 201 P.3d 629 (2009); *Chicoine v. Bignall*, 122 Idaho 482, 835 P.2d 1293 (1992). The date of the Supreme Court's dismissal of Ford's appeal in 2004 established objectively ascertainable damages for purposes of commencing the two-year statute of limitation within which to bring this action.

As to Ford's remaining arguments, we find them to be without merit. Ford has not shown that any federal rule or legal theory such as the continuing tort doctrine apply to his case. He has also failed to show that any other statute of limitation is controlling in his case. Finally, although he requests that his limited education and legal skills be taken into account, it is well established that pro se litigants are held to the same standards as an attorney. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Therefore, we conclude Ford has failed to show error in the district court's dismissal of his malpractice claim against Kehne.

Ford also lists as an issue on appeal a challenge to the district court's award of $500 in sanctions against him for his pursuit of a motion to reconsider. Ford fails to provide any argument or authority in support of this issue in his brief. This Court will not address an issue

where there has been no argument or authority in support thereof. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Finally, Kehne requests an award of attorney fees on appeal. An award of attorney fees on appeal is proper when the appeal has been brought or pursued frivolously, unreasonably and with foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). We decline to award attorney fees to respondent Kehne.

The order of the district court granting Kehne's motion to dismiss is affirmed. Costs but not attorney fees are awarded to respondent.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**