312 P.2d 1026

**PUMICE PRODUCTS, Inc., Plaintiff-respondent,**

**v.**

**W. L. ROBISON, Commissioner of Labor, State of Idaho, Defendant-appellant.**

No. 8550.

Supreme Court of Idaho.

June 19, 1957.

Graydon W. Smith, Atty. Gen., Harold A. Ranquist, Asst. Atty. Gen., for appellant.

Karl Jeppesen, Boise, for respondent.

**KEETON, Chief Justice.**

On February 11, 1957, the Honorable Merlin S. Young, by permanent writ of mandate, ordered W. L. Robison, as Commissioner of Labor of the State of Idaho, to hold an election for the purpose of determining whether the employees of Pumice Products, Inc., respondent, desired to be represented by Construction and General Laborers' Local No. 434 as their bargaining agent. From the judgment so entered the Commissioner of Labor appealed.

The material facts on which the writ of mandate was based are not in material dispute. On July 12, 1956, appellant Commissioner, pursuant to the request of the Construction and General Laborers' Local No. 434 conducted an election at his office among the employees of respondent's plant under the authority of Sec. 44–107, I.C., at which election a majority of the employees voted to have the Union represent them as their bargaining agent. No working agreement was reached between employer respondent and the Union and thereafter on September 10, 1956, all employees of Pumice Products, Inc. signed and delivered to the respondent a statement to the effect that they did not wish to be represented by any union and the statement contained the following: "We hereby specifically revoke any authority of Construction and General Laborers' Local No. 434 to represent us in any negotiations with our employer."

On September 18, 1956, respondent, by written demand, requested appellant to hold an election of plant employees, pursuant to the provisions of Sec. 44–107 I.C., and appellant Commissioner was at that time advised that respondent was informed that its employees were not members of Construction and General Laborers' Local No. 434 and did not wish to be represented by said Union.

Appellant refused to hold the requested election, giving as his reason for such refusal that no election could be held until one year had expired from and after July 12, 1956, the date of the initial election.

This ruling was based on a regulation of the Commissioner of the Department of Labor which reads as follows: "No election shall be directed in any bargaining unit or any sub-division within which, in the preceding 12-month period, a valid election was held."

The question presented for determination is where the Legislature by enactment of Section 44–107, I.C., has prescribed the conditions under which an election must be held, may the Commissioner of Labor by "promulgating regulations" impose additional conditions not required by statute.

In defining the duties of the Commissioner of Labor, Sec. 44–107 I.C. provides in part:

"In order to insure employers, employees, and the general public, the full benefits of this act, the commissioner *shall*, when a question arises concerning representation of employees in a collective bargaining unit and when requested to do so by any *employer* or *employees*, determine the representatives thereof by taking a secret ballot of employees and certifying the results thereof to all interested parties." (Emphasis supplied.)

It thusly appears under the mandatory requirements of the part of the statute above quoted the Commissioner of Labor must hold an election when two factual conditions precedent occur: namely (1) when a question arises concerning representation of employees in a collective bargaining unit; and (2) when requested to hold an election by an employer or employees.

The statute does not require a lapse of time of one year between elections and the rule promulgated by the Commissioner which prohibits the holding of an election for a period of one year after an initial election has been held is not authorized by the statute.

It seems to us that the provisions of the statute above quoted requiring the holding of an election under conditions enumerated are plain and unambiguous, and the statute does not confer on the Commissioner of Labor any right to make a regulation or ruling in direct conflict with its terms.

▮ We therefore conclude that the rule by which the Commissioner attempted to defeat the holding of an election until after the year had elapsed subsequent to the holding of an initial election is not authorized by statute, is beyond the authority of appellant and is void. Some authorities sustaining this view are: Grayot v. Summers, 75 Idaho 125, 269 P.2d 765; Sunshine Dairy v. Peterson, 183 Ore. 305, 193 P.2d 543, Syl. 12; Blatz Brewing Co. v. Collins, 69 Cal. App.2d 639, 160 P.2d 37; Id., 88 Cal.App. 2d 438, 199 P.2d 34; In re Application of State Board of Medical Examiners, Okl., 206 P.2d 211; 16 C.J.S. Constitutional Law § 138, p. 580; 73 C.J.S. Public Administrative Bodies and Procedure § 94, p. 415; 11 Am.Jur. 955, Sec. 240; 42 Am.Jur. 359, Sec. 53.

▮ We also are of the opinion that the holding of the election as requested and demanded is conformable to the declaration of policy of the labor act as set forth in Sec. 44–701, I.C., which provides in part:

"Negotiation of terms and conditions of labor should result from voluntary agreement between employer and employees. * * *"

and further:

"Therefore it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his

own choosing, to negotiate the terms and conditions of employment, and that he shall be free from interference, restraint or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection."

In the present situation, if respondent's employees desire to be decertified from the bargaining agent selected in the election held July 12, 1956, such employees should be given the opportunity to exercise the right to vote on the question, and the Commissioner must hold an election for the purpose of determining the employees' wishes.

The judgment is affirmed.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.