695 P.2d 422

**Glenda RAWSON, Plaintiff-Respondent,**

v.

**IDAHO STATE BOARD OF COSMETOLOGY, Defendant-Appellant.**

**No. 14417.**

Court of Appeals of Idaho.

Jan. 25, 1985.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Fred C. Goodenough, Deputy Atty. Gen. (argued), Boise, for defendant-appellant.

Robert E. Williams III, Rettig, Fredericksen & Williams, Jerome, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal by the Board of Cosmetology from a declaratory judgment hold-

ing that the Board may not impose an educational requirement upon cosmetologists from other states who apply for reciprocal licenses in Idaho. On a related issue, the judgment also declares that Glenda Rawson, the applicant in this case, has not engaged in any conduct disqualifying her from obtaining a license. For reasons explained below, we affirm that part of the judgment which strikes down the educational requirement, but we vacate the judgment insofar as it adjudicates the issue of improper conduct.

## I

Mrs. Rawson, an active, licensed cosmetologist in Utah for approximately ten years, applied for a license in Idaho. The Board of Cosmetology, acting through the Bureau of Occupational Licenses, deemed the application incomplete and returned it to her because it contained no showing that she had attained an educational standard imposed by the Board's Rule 4.04:

> Application for a license by reciprocity must be accompanied by proof of applicant's having met the pre-professional requirements ... [and] proof of having satisfactorily completed at least *two (2) years of high school (tenth grade) or equivalent education.* (Emphasis added.)

Mrs. Rawson brought this action, seeking a declaratory judgment that the rule was invalid because the educational standard went beyond the requirements prescribed by statute for reciprocal licensing of cosmetologists from other states. At times pertinent to this case, I.C. § 54-812, entitled "reciprocal certification," provided as follows:

> The board, upon application and the payment of the fee required therefor, shall issue a license without examination to any person who holds a certificate of qualification or license issued to him by the proper authority of any state, territory or possession of the United States, or of a foreign country, provided that the requirements for license under which the certificate was issued are of a standard not lower than those specified in this chapter, or upon proof that said person has practiced the pursuit for which license is requested for at least three (3) years prior to such application. The board shall evaluate the applications for license by reciprocity. No reciprocal license shall be issued except by the board.

These statutory requirements for obtaining a license by reciprocity may be summarized in two different ways, depending upon how the statute is interpreted. One interpretation urged by Mrs. Rawson, which we will call interpretation A, is that a reciprocity license must be issued if the applicant meets either of two alternate tests: the applicant must hold a license from a state where the standards are not lower than those established in Idaho *or* the applicant simply must have practiced cosmetology somewhere for three years. Another interpretation urged by Mrs. Rawson, which we will call interpretation B, is that an applicant must hold a valid license from another state *and* must show *either* that the standards of the other state are not lower than those in Idaho or that the applicant has engaged in the licensed practice of cosmetology for three years.

The Board, seizing upon Mrs. Rawson's suggestion that the statute may be interpreted in different ways, argues that the statutory requirements are ambiguous. Therefore, the Board contends, these requirements are open to supplementation by the educational standard imposed by Rule 4.04. We find the argument illogical. If the statute were ambiguous—posing a choice between permissible meanings—the Board could supply the proper meaning by adopting a clarifying rule. But the educational standard in Rule 4.04 goes beyond clarification of any ambiguity in the statute. It imposes a separate, additional requirement for licensure. Neither of the two interpretations ascribed to the statute imposes, or authorizes the Board to impose, an educational standard for reciprocity applicants.

Moreover, in our view, the statutory requirements are not truly ambiguous. As

**1040**

noted, ambiguity arises when there is conflict between two permissible meanings. We believe the statute has a single, plain meaning—that set forth above as interpretation B. We reject interpretation A because it would allow a practicing cosmetologist to obtain a license in Idaho without ever having been licensed in any other state. Such an interpretation would permit evasion of all licensure standards and would fly in the face of the explicit statutory reference to "reciprocity."

■ The Board further argues that even if the statutory requirements are not ambiguous, neither are they exhaustive. Because the statute commands the Board to "issue a license without examination," the Board would have us infer that the Board retains the power to impose additional requirements other than examinations. However, this argument disregards the remainder of the statute which, as we read it, requires the applicant to show not only that she holds a valid license in another state but also either that the standards in the other state are as high as those in Idaho or that she has engaged in licensed practice for three years. The comparison of state standards, and the requirement of three years' licensed practice if Idaho's standards are higher than those of the other state, would be largely superfluous if the Board could impose all Idaho requirements other than examinations. A statute must be construed, if possible, so that effect is given to all its provisions. *E.g., Union Pacific Railroad Co. v. Board of Tax Appeals,* 103 Idaho 808, 654 P.2d 901 (1982). Accordingly, in this case we reject the Board's narrow focus upon the words "without examination."

The Board also hypothecates its authority to prescribe an educational standard upon that part of the statute which reads, "The board shall evaluate the applications for license by reciprocity." However, this language does not authorize the promulgation of additional, nonstatutory requirements for reciprocity licensure. Rather, consistent with our reading of the statute, this language directs the Board to ascertain the validity of the license an applicant claims to hold in another state and, if the license is valid, to determine either that the standards of the other state are as high as those established in Idaho or that the applicant has engaged for at least three years in the licensed practice of cosmetology.

■ We conclude that the educational standard prescribed in Rule 4.04 conflicts with the reciprocity statute in effect when Mrs. Rawson applied for a license. Where such a conflict exists, the administrative regulation must be set aside. *E.g., Pumice Products, Inc. v. Robinson,* 79 Idaho 144, 312 P.2d 1026 (1957). Accordingly, we uphold the district court's declaration that Rule 4.04 is invalid, insofar as it purports to impose in this case an educational standard unauthorized by the reciprocity statute.

## II

We next examine the Board's contention that Mrs. Rawson has engaged in conduct disqualifying her from obtaining a license. This contention rests upon I.C. § 54–816, which provides that the Board "may ... refuse to issue" a license to an applicant who has violated any statute or rule governing the practice of cosmetology. The Board points to evidence that Mrs. Rawson worked for a short time at a beauty shop in Twin Falls, Idaho, prior to applying for an Idaho license. "Practicing or offering to practice" cosmetology without a license is prohibited by I.C. § 54–819(4). Before addressing this question on its merits, we must turn to the unusual procedural context in which the issue has been raised.

### A

The Board alleged unlawful conduct by Mrs. Rawson as an affirmative defense to her attack upon Rule 4.04. However, Mrs. Rawson's complaint sought only an adjudication of the validity of the rule; it did not seek an order compelling the Board to issue her a license. Consequently, the question of unlawful practice was not directly germane to the case. Nevertheless, the Board undertook to make it germane by

arguing that Mrs. Rawson lacked "standing" to challenge the rule because her allegedly unlawful conduct would bar her from obtaining a license in any event. We disagree.

As noted above, the Board treated Mrs. Rawson's application as incomplete, and refused to act upon it, because it failed to show attainment of a tenth grade education or the equivalent. The record discloses that any question about unlawful conduct was mentioned only in correspondence between Mrs. Rawson and the Bureau of Occupational Licenses. The record contains no finding by the Board of Cosmetology that such practice actually occurred or that the application would have been denied for that reason alone.

■ Idaho Code § 67–5207 provides that "[t]he validity ... of a rule may be determined in an action for declaratory judgment ... if it is alleged that the rule ... interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." Here, it is clear that Rule 4.04 interfered with, or impaired, proper consideration of Mrs. Rawson's application for a license. While it may be, as the Board contends, that Mrs. Rawson has no proprietary "right" to a license before it is duly issued, it will not be gainsaid that she has a "right" to consideration of her application under valid legal standards. This right, we hold, was sufficient to confer standing under I.C. § 67–5207 to challenge Rule 4.04. *Cf. Miller v. Martin*, 93 Idaho 924, 478 P.2d 874 (1970) (plaintiff must assert a justiciable interest, cognizable in the courts).

### B

Unfortunately, the district court did not limit its treatment of the unlawful conduct question to a determination of standing. Rather, the court elected to decide the underlying question of whether, in fact, Mrs. Rawson had engaged in such conduct. The court declared that she had not.

■ We believe the court addressed this factual question prematurely. As we have

stated, the question had not been decided by the Board and a license had not been denied to Mrs. Rawson on this basis. By determining whether unlawful conduct actually had occurred, the court in essence took the issue from the Board and decided it de novo. The court's action was inconsistent with the scheme contemplated by the Administrative Procedure Act, particularly I.C. § 67–5215, which provides that judicial review of a contested case shall be upon the record established in proceedings before the administrative agency. *Cf. Hill v. Board of County Commissioners*, 101 Idaho 850, 623 P.2d 462 (1981) (reviewing court should not hear issue de novo but should decide case upon record or remand to agency if record is inadequate).

However, by observing that the issue of unlawful conduct was addressed prematurely, we intimate no criticism of the district judge. The court's error was invited by the Board. It was the Board, not Mrs. Rawson or the judge, who raised this issue and who asserted that the case could turn entirely upon a finding of unlawful conduct. The district judge took the issue from the Board because the Board insisted on giving it away. Indeed, in this appeal, the Board argues that the court erred not by addressing the issue on its merits but by deciding it in favor of Mrs. Rawson. Under these circumstances, if the court's decision on the merits of the issue were correct, we would uphold the decision despite its prematurity. However, for reasons to which we now turn, we believe the decision was incorrect.

The district court rendered its decision after a hearing upon a motion for summary judgment filed by Mrs. Rawson. The Board resisted the motion by urging the validity of Rule 4.04 and by presenting affidavits, together with testimony by witnesses, concerning Mrs. Rawson's allegedly unlawful conduct. Counsel for the Board prefaced this testimony by stating that it was presented to show "a factual difference between the parties...." Mrs. Rawson also presented oral testimony at the summary judgment hearing. The court ul-

**1042**

timately ruled that "the evidence, by a clear preponderance," established no unlawful conduct. The court further stated that there was "no issue, genuine or otherwise," concerning unlawful conduct. The court's language is ambiguous as to whether the evidence was viewed from the limited perspective of a summary judgment or from the broader perspective of a decision following a trial.

■ The use of oral testimony during the hearing may have contributed to this confusion. Such testimony is a permissible, albeit seldom used, method of presenting information in support of, or in opposition to, a motion for summary judgment. The federal counterpart to Rule 43(e), I.R.C.P., authorizing the use of oral testimony on motions in general, has been held applicable to motions for summary judgment under Rule 56. *E.g., Hayden v. First National Bank,* 595 F.2d 994 (5th Cir.1979). Nothing in Rule 56 precludes such use of testimony. To the contrary, the practice has been recognized. *See* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2723 (1983). Accordingly, we hold that testimony may be used in connection with motions for summary judgment in Idaho. It logically follows that such testimony, when introduced for this limited purpose, does not convert a Rule 56 hearing into a trial.

■ Summary judgment is inappropriate when there are genuine issues of material fact. I.R.C.P. 56(c). Here, the information presented by the Board included an affidavit by the proprietress of a beauty shop in Twin Falls, stating that Mrs. Rawson answered a newspaper advertisement for a "licensed beautician" and represented herself to be a cosmetologist licensed in Idaho. The affidavit further stated that Mrs. Rawson was hired as a "manager" of the shop with an expectation that she would "assist the other employees in doing cosmetological work." According to the affidavit, Mrs. Rawson resigned about two weeks later "due to a disagreement ... over the management of the ... establishment." In her oral testimony, Mrs. Rawson acknowledged being employed to "oversee" the shop. However, she denied having held herself out as licensed in Idaho and she said she resigned when she learned that an Idaho license might be required. The proprietress' affidavit and Mrs. Rawson's response frame a genuine issue of material fact as to whether Mrs. Rawson practiced, or offered to practice, cosmetology in Idaho without a license. Consequently, the summary judgment on this question must be set aside.

On remand the district court should reconsider whether to continue addressing this issue de novo. In our view, for reasons outlined earlier in this opinion, the better approach would be to direct the Board to decide the issue in the first instance, subject to judicial review. It is not a foregone conclusion that the Board would find unlawful conduct nor that such conduct, even if it occurred, was sufficiently grave to warrant an exercise of the power, reposed in the Board by I.C. § 54–816, to deny a license.

To summarize, the judgment of the district court is affirmed insofar as it declares Rule 4.04 invalid. The judgment is vacated insofar as it adjudicates the question of unlawful conduct, and the case is remanded for further proceedings consistent with this opinion. No costs or attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.