Dear Ms. Robicheaux:
We restate the facts as presented in your opinion request. An esthetician student, originally enrolled in cosmetology school in Louisiana, withdrew from the Louisiana school and ultimately obtained licensure as an esthetician in the State of Florida. The student has returned to Louisiana and applied for licensure from the Louisiana State Board of Cosmetology based upon reciprocity. You inquire whether the Board is now required to issue the license.
The statutory provisions governing licensure for cosmetologists and estheticians are provided by R.S. 37:502 and R.S. 37:502.1. With respect to the issue of reciprocity, these statutes provide:
 § 502. Qualifications for certificate as a registered cosmetologist
 * * * * *
 B. The board shall accept a license or registration of any out-of-state cosmetologist as registration in this state provided that the out-of-state cosmetologist submits the original current license or registration to the board for reviewing along with fees required by R.S. 37:516.
 * * * * *
 § 502.1 Qualifications for certification as a registered esthetician
 A. A person is qualified to receive a certificate of registration as a registered esthetician who:
 (1) Is at least sixteen years of age.
 (2) Is of good moral character and temperate habit.
 * * * * *
 B. Any person who is an esthetician registered or licensed under the laws of another state or territory of the United States or of a foreign country or province may be granted a certificate of registration as a registered esthetician by the board without an examination, upon payment of a fee, provided that he fulfill the requirements of Paragraphs (1) and (2) of Subsection A, provided the requirements for registration of license of estheticians in the state, territory, country, or province from which he moved shall have been in effect during the year preceding his application, and the state, territory, country, or province has substantially equal requirements to those now in force in this state, upon a showing of active practice of esthetics in the home state, territory, country, or province of the applicant which was uninterrupted for three or more years prior to his application, he shall be deemed to have fulfilled this requirement.
With respect to cosmetologists, R.S. 37:502 is unambiguous. An out-of-state applicant for a Louisiana cosmetology license need only submit his valid registration from another state in order to be licensed as a cosmetologist in Louisiana, along with the required fees.
With respect to estheticians, the law is more burdensome to the applicant who has been licensed in another state. This applicant must show that his home state had in effect during the year prior to the application substantially equal requirements for licensure as compared to those requirements now in force in Louisiana. He is exempt from this requirement only if he has been practicing as an esthetician uninterrupted for three years prior to his application.
Thus, it is appropriate for the Board to conduct a hearing to determine whether the applicant referenced in your correspondence has in fact met the requirements of law, as you indicate that Florida law requires substantially less hours of schoolwork than does Louisiana law. We refrain from making a factual determination regarding this particular applicant, as that decision is properly within the jurisdiction and authority of the Board. See R.S. 37:499 (C), wherein the Board is "authorized to make such investigations and conduct hearings . . ., as are necessary to supervise the regulatory provisions" of the law.
The Board is also empowered by statute to "adopt and enforce all rules and orders necessary" to discharge its duties and further is authorized to "perform such other duties as are necessary to carry out those functions which are relative to policymaking, rulemaking, licensure, or adjudication." See R.S. 37:546 (A) and R.S. 37:498 (G). In accord with this authority, the board promulgated the following rule:
 § 505 Reciprocity
 A. Any person who is licensed as a cosmetologist, esthetician, manicurist or teacher under the laws of another state or territory of the United States or under a foreign country shall be entitled to be licensed provided that the out-of-state operator submits the original current license or registrations to the board for review along with fees as required by R.S. 37:516.
 B. Foreign reciprocity will be handled on its own merit by board action after proper documentation has been provided by their respective nation. The documents must be translated into English and notarized. The fee for this license is $40.
 AUTHORITY NOTE: Promulgated in accordance with R.S. 37:502.
 HISTORICAL NOTE: Promulgated by the Department of Commerce, Louisiana State Board of Cosmetology, December 1974, amended by the Department of Economic Development, Louisiana State Board of Cosmetology, L.R. 611 (May 1993).
An administrative agency must act in conformity with its statutory authority, which it cannot exceed. Durham vs. Louisiana State RacingCommission, 449 So.2d 475 (La. 1984). In other jurisdictions, this corollary has been restated as recognizing the principle that an administrative board "may not by its rules and regulations add to or detract from the law as enacted". See State Board of Registration forProfessional Engineers v. Eberenz, 701 N.E.2d 892 (Ind.Ct.App. 1999), at page 896, and citations therein. Neither may the Board by rule impose additional educational requirements beyond the requirements prescribed by statute for reciprocal licensing. SeeRawson v. Idaho State Board of Cosmetology, 695 P.2d 422
(Idaho Ct.App. 1985).
There is no reciprocity provision in our state law that allows the Board to accept the application of a manicurist or cosmetology teacher, licensed out-of-state, who has not met the requirements of Louisiana state law with respect to licensure. See R.S. 37:507 and R.S. 37:506 concerning qualifications for manicurists and teachers, respectively. Lacking a reciprocity clause, the Board is without power to promulgate a rule which would essentially allow an out-of-state applicant to circumvent the mandatory licensure criteria imposed by state law. Thus, the rule promulgated by the Board is congruent only with those reciprocity provisions of state law cited hereinabove governing cosmetologists and estheticians.
Accordingly, we conclude:
1. Cosmetologists who are licensed out-of-state need only submit their license in order to be licensed here, without further requirement;
2. Estheticians may become licensed in this state without examination upon submission of a certificate of registration and a showing that the certificate was issued in a jurisdiction which has substantially equal requirements to those now in force in the state;
3. Manicurists licensed out-of-state must meet the requirements of state law as no reciprocity provision exists under current state law, and the Board rule purporting to create reciprocity is unauthorized;
4. Cosmetology teachers licensed out-of-state must meet the requirements of state law as no reciprocity provision exists under current state law, and the Board rule and the Board rule purporting to create reciprocity is unauthorized.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams