IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 44863

DEA HAIGHT,            )
                               )         **Boise, December 2017 Term**

      Plaintiff-Appellant,        )

                               )         **2018 Opinion No. 5**

v.                              )

                               )         **Filed: January 9, 2018**

IDAHO DEPARTMENT OF          )

TRANSPORTATION,             )         **Karel A. Lehrman, Clerk**

                               )

      Defendant-Respondent.     )

                               )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

The judgment of the district court is <u>affirmed</u>. Attorney fees and costs on appeal are <u>awarded</u> to respondent.

G. W. Haight, Coeur d'Alene, for Appellant. G. W. Haight did not appear at oral argument.

Hon. Lawrence G. Wasden, Attorney General, Boise, and Law Offices of David Hansen, Liberty Lake, WA for Respondent. Renee R. Hollander-Vogelpohl and David B. Hansen appeared at oral argument.

---

BEVAN, Justice

This is an appeal from the district court's grant of summary judgment against Dea Haight ("Haight") and the dismissal of her complaint for damages and declaratory and injunctive relief. Haight alleged that the Idaho Department of Transportation ("ITD") was negligent in placing and maintaining construction barrels on Interstate 90 ("I-90") in Shoshone County, Idaho. In addition to her negligence claim, Haight alleged portions of Idaho's motorcycle and driver's manuals published by the State misrepresent the law and prescribe standards which present a danger to motorists. The district court concluded that Haight failed to present sufficient evidence to support her negligence claim and that she lacked standing to bring a declaratory judgment action against ITD. Haight now alleges the trial court erred. We affirm the trial court's dismissal of Haight's case.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

At about 10:00 a.m. on July 11, 2014, Haight and her husband were travelling east on I-90 through Kellogg and Osburn, Idaho. In her complaint, Haight stated that the south lane of the east bound portion of the roadway was closed off by orange construction barrels. The barrels were placed on the broken line separating the south lane and the north lane of travel for the eastbound traffic. At Mile Post 53, Haight alleges that one of the barrels was completely within the lane of travel in the north passing lane for eastbound traffic—the only lane open for eastbound traffic at the time. Haight claims the barrel caught both arms on the awning of her fifth wheel camper trailer, ripping one arm completely away from the body of the camper and partially tearing away the other arm.

Haight filed a complaint on August 20, 2015, alleging ITD "negligently, carelessly and contrary to law placed and maintained construction materials obstructing the public's lane of travel on I-90 in Shoshone County." Consequently, Haight asserted ITD's failure to maintain I-90 was negligence, negligence per se, and a breach of ITD's legal duty of care to the public. As a direct and proximate result of ITD's malfeasance or misfeasance, Haight claims damages in the amount of $2,000. Additionally, as a result of the damage, Haight contends the camper is unusable, and the value of the loss is $300 per week starting on July 11, 2014 and continues to accrue until the damage is repaired.

Haight's second cause of action is for declaratory relief seeking an injunction restraining ITD from publishing any information which is contrary to law. Haight alleges that portions of the Idaho motorcycle and driver's manuals published by the State misrepresent the law as it pertains to the operation of motor vehicles. Haight seeks a writ mandating ITD correct all licensing manuals and other materials related to qualifications for a vehicle operator's license.

On April 20, 2016, the district court issued its scheduling order, notice of trial setting, and initial pretrial order. The scheduling order states that motions for summary judgment "shall be timely filed as to be heard not later than ninety-one (91) days (thirteen weeks) before trial." ITD served its first set of interrogatories and requests for production on Haight on April 28, 2016. On October 12, 2016, ITD deposed Haight. That same day Haight served her first set of interrogatories and requests for production on ITD, more than a year after filing her claim. ITD filed separate summary judgment motions on Haight's two claims on October 20, 2016, and the motions were noticed for hearing on November 22, 2016 in compliance with the Scheduling

Order. ITD responded to Haight's discovery request on November 10, 2016. On November 14, 2016, Haight filed an untimely motion pursuant to Idaho Rule of Civil Procedure 56(d) (formerly 56(f) (2015)) stating that she was unable to satisfy the district court's order to file affidavits opposing ITD's summary judgment motions and asked for more time to complete discovery.

At the summary judgment hearing, the district court heard arguments regarding Haight's untimely motion, but ultimately denied the motion. ITD then presented arguments on the merits of the summary judgment motions, but Haight's counsel declined to argue Haight's negligence claim. On December 20, 2016, the district court issued its Memorandum Decision and Order on ITD's motions for summary judgment, granting both motions. A final judgment was entered on December 30, 2016 and filed with the clerk on January 3, 2017. On February 10, 2017, Haight timely filed her notice of appeal.

## II. STANDARD OF REVIEW

When this Court reviews the district court's ruling on a motion for summary judgment, it employs the same standard as the district court's original ruling on the motion. *Infanger v. City of Salmon*, 137 Idaho 45, 46–47, 44 P.3d 1100, 1101–02 (2002). In a motion for summary judgment, the moving party bears the burden of proving the absence of a material fact. *Sadid v. Idaho State University*, 151 Idaho 932, 938, 265 P.3d 1144, 1150 (2011). "When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party." *Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 159 Idaho 679, 685, 365 P.3d 1033, 1040 (2016). If the moving party has satisfied its burden, the non-moving party must then come forward with sufficient admissible evidence identifying specific facts that demonstrate the existence of a genuine issue for trial. *Wattenbarger v. A.G. Edwards & Sons, Inc.*, 150 Idaho 308, 317, 246 P.3d 961, 970 (2010). Although circumstantial evidence can create a genuine issue for trial, a mere scintilla of evidence is insufficient to demonstrate the existence of a genuine issue of material fact. *Callies v. O'Neal*, 147 Idaho 841, 846, 216 P.3d 130, 165 (2009). Thus, the slightest doubt as to the facts will not forestall summary judgment. *Zimmerman v. Volkswagen of America, Inc.*, 128 Idaho 851, 854, 920 P.3d 67, 70 (1996). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Lapham v. Stewart*, 137 Idaho 582, 585, 51 P.3d 396, 399 (2002).

"This Court exercises free review over questions regarding the interpretation of the Idaho Rules of Civil Procedure." *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 103, 294 P.3d 1111, 1015 (2013) (citation omitted). "The decision to grant or deny a Rule 56(f) [currently 56(d)] continuance is within the sound discretion of the trial court." *Taylor v. AIA Services Corp.*, 151 Idaho 552, 572, 261 P.3d 829, 849 (2011) (citation omitted).

Standing is a jurisdictional issue and presents a question of law. *In re Jerome Cty. Bd. Of Comm'rs*, 153 Idaho 298, 308, 281, P.3d 1076, 1086 (2012).

## III. ANALYSIS

**A.    The district court did not err when it denied Haight's Rule 56(d) (formerly 56(f)) motion to allow discovery before disposition of the summary judgment motion.**

Haight argues that there were circumstances justifying the untimeliness of her request to defer summary judgment under Idaho Rule of Civil Procedure 56(d) because a series of events affected her counsel's ability to devote time to her case. Haight further contends that she was unable to provide affidavits in opposition to ITD's motion because she did not receive ITD's response to her discovery requests until it was too late for her to respond. Without necessary discovery, Haight maintains there was no way to know who was responsible for placement of the barrels, when they were placed there, why they were placed there, what purpose they were intended to serve, what alternative safety or control devices should have been used, who was employed at the job site, what activities they were or were not undertaking, and who knew or should have known that one or more barrels had been in the lane of travel. Therefore, Haight argues additional time for discovery was necessary under Idaho Rule of Civil Procedure 56(d). Conversely, the State argues the district court properly exercised its discretion in denying the Rule 56(d) motion because (1) the motion was not timely filed, (2) Haight failed to meet her burden to specify what additional discovery would reveal and how it would preclude summary judgment, and (3) Haight failed to diligently pursue discovery.

1. <u>The district court properly denied Haight's request to defer summary judgment under Idaho Rule of Civil Procedure 56(d) because Haight's request was untimely.</u>

Haight argues the district court abused its discretion under a reasonable view of the facts. Specifically, Haight asserts that her motion under Rule 56(d) should have been granted because a series of unforeseeable events affected her counsel's ability to timely develop her case.

4

Under Idaho Rule of Civil Procedure 56(d), a motion for an extension of time to file additional affidavits, depositions, and interrogatories in opposition to a motion for summary judgment lies within the discretion of the district court. *Carnell v. Barker Mgmt.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). A district court does not abuse its discretion in denying such a motion if it "recognized it had the discretion to deny the motion, articulated the reasons for doing so, and exercised reason in making the decision." *Fagen, Inc. v. Lava Beds Wind Park, LLC*, 159 Idaho 628, 633, 364 P.3d 1193, 1198 (2016) (internal quotations and citation omitted). The district court need not expressly state that it had discretion to deny the motion if it articulates the reasons for denying the motion and those reasons show that the court knew it had discretion to grant or deny the motion. *Id.* at 633, 364 P.3d at 1198. When reviewing the district court's discretionary decision, this Court determines whether the court (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Rockeller v. Grabow*, 139 Idaho 539, 545, 82 P.3d 450, 457 (2003).

The district court properly exercised its discretion when it denied Haight's request for additional time to conduct discovery under Idaho Rule of Civil Procedure 56(d). Idaho Rule of Civil Procedure 56(b)(2) provides that any opposing documents must be served at least 14 days before the hearing. Likewise, Idaho Rule of Civil Procedure 7(b)(3)(A) provides that motions, affidavits, memoranda, or briefs supporting the motion must be filed and served at least 14 days prior to the hearing. In this case, Haight's motion under Rule 56(d) was due on November 8, 2016, but was served on the State via fax on November 10. Furthermore, the court docket shows it was not filed until November 14. Haight's counsel acknowledged the motion was untimely, and he offered reasons for its untimeliness, particularly lack of resources, doctor's appointments, car trouble, home repairs, computer problems, and other technical difficulties. The district court considered counsel's reasons for requesting an extension of time to complete discovery, and although sympathetic to counsel's issues, ultimately denied the motion. The district court recognized its discretion, acted within the boundaries of that discretion and through an exercise of reason. Thus, the court did not abuse its discretion when it denied Haight's Rule 56(d) motion.

2. The district court properly denied Haight's request to defer summary judgment under Idaho Rule of Civil Procedure 56(d) because Haight failed to meet her burden justifying an extension.

5

Haight argues that ITD did not respond to her discovery requests in time to allow her to respond at the hearing. As a result, Haight contends she had no choice but to simply rely on the facts known to her in her complaint without the benefit of any discovery.

Idaho Rule of Civil Procedure 56(d), formerly numbered 56(f) but substantively identical, provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.[1]

"Control of discovery is within the discretion of the trial court." *Jen-Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 336, 48 P.3d 659, 665 (2002). A party seeking a continuance under Idaho Rule of Civil Procedure 56(d) "has the burden of setting out what further discovery would reveal that is essential to justify their opposition, making clear what information is sought and how it would preclude summary judgment." *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2004) (internal quotations and citation omitted).

Here, Haight stated in her request to defer summary judgment that she sought "the identity of persons authorized by [ITD] to work on Interstate 90 at the time and place of the accident." Additionally, Haight vaguely asserted that once these persons were identified she would depose them "with regard to their knowledge of facts relevant to these proceedings." However, Haight's counsel failed to specify what these depositions would reveal or how this information would preclude summary judgment. This Court has held that if a motion under Rule 56(d) fails to provide what relevant information a party needs or fails to provide a "reasonable basis to believe additional discovery will produce new or relevant information not previously disclosed" the motion may be denied. *Taylor*, 151 Idaho at 571, 261 P.3d at 848 (internal quotations omitted). Therefore, without stating, even cursorily, what further discovery would reveal that is essential to justify her request to defer summary judgment, Haight failed to meet

---

[1] *Compare* I.R.C.P. 56(f) (2015): "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

her burden under Rule 56(d). Consequently, the district court did not abuse its discretion in denying the motion.

3. <u>The district court properly denied Haight's request to defer summary judgment under Idaho Rule of Civil Procedure 56(d) because Haight failed to diligently pursue discovery.</u>

In addition to Haight's argument that ITD did not respond to her discovery requests in time to allow her to provide a proper response at the summary judgment hearing, Haight's counsel contends he exercised due diligence in performing discovery, but that he lacked staff support, resources, and experienced personal issues that prevented him from pursuing discovery sooner.

The district court properly denied Haight's request to defer summary judgment because she did not conduct discovery to substantiate the facts alleged in her complaint for approximately 14 months. The court docket indicates that this action was filed on August 20, 2015. Haight did not serve ITD with her first set of interrogatories until October 12, 2016. Pursuant to Idaho Rule of Civil Procedure 33(b)(2), ITD timely answered Haight's written discovery requests on November 10, 2016. Not only did ITD timely respond, but Haight's counsel admitted at the summary judgment hearing on November 22, 2016 that he did not read them. When the district court ruled on Haight's motion under Rule 56(d), it noted that the motion was untimely and that the motion failed to specify what information would be needed from discovery. However, more important to the district court's decision was Haight's failure to engage in discovery for over a year after the case was filed. The district court stated:

> And while the Court is sympathetic to how life can really get in our way—and you've had a lot of issues lately, and the Court is sympathetic to those issues—nevertheless, discovery was not engaged in when it could have been, and so to indicate that additional time is needed when this summary judgment motion is scheduled for the last possible date that the scheduling order would allow is simply too late, and I'm going to deny the 56(d) motion, and we are going to continue with argument on the summary judgment motion itself today.

The district court may consider the moving party's lack of diligence in pursuing discovery in ruling on a Rule 56(d) motion. *Boise Mode, LLC*, 154 Idaho at 105, 294 P.3d at 1117. Thus, the district court recognized to grant or deny Haight's Rule 56(d) motion was within its discretion, it articulated its reasons for denying the motion, and it exercised reason in making its decision. Therefore, the district court did not abuse its discretion by denying Haight's motion

under Rule 56(d) because discovery was not pursued timely or to the extent it should have been. Therefore we hold the district court did not abuse its discretion when it denied Haight's motion under Idaho Rule of Civil Procedure 56(d).

   **B.    The district court did not err when it found there was insufficient evidence that ITD had actual or constructive notice of the dangerous condition that caused the accident.**

Haight alleges on appeal that ITD and its agents and employees conducted activities on a major interstate highway and that those activities included the placement of traffic control devices—orange barrels—in such a manner that caused physical damage to her personal property. This alone, Haight argues, is sufficient to establish a prima facie case of negligence that the placement of the barrel was the direct and proximate cause of the damage to Haight's camper. ITD, on the other hand, argues that it had no actual or constructive notice of the dangerous condition on the roadway. Additionally, ITD contends that liability cannot attach if it did not have notice of the dangerous condition, and, furthermore, ITD only has a duty to warn motorists of a known dangerous condition on a public highway.

   1. <u>The district court properly held that there was insufficient evidence to show ITD had actual or constructive notice of the dangerous condition.</u>

The elements of a common law negligence claim are "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Griffith v. JumpTime Meridian, LLC*, 161 Idaho 913, 915, 393 P.3d 573, 575 (2017) (internal quotations and citation omitted). This Court has held that the State Highway Department is subject to liability when it creates or maintains a dangerous condition on the highway if the State Highway Department:

   (1) knows of or by the exercise of reasonable care would discover such condition, and
   (2) should realize that the condition, involves an unreasonable risk of harm to those using the highways, and
   (3) should expect that persons using the highways will not discover or realize the danger, and
   (4) fails to exercise reasonable care to make the condition safe or to adequately warn of the condition and the risk involved, and,
   (5) the persons using the highway do not know or have reason to know of the condition and attendant risks.

8

*Smith v. State*, 93 Idaho 795, 804, 473 P.2d 937, 946 (1970). "[T]he State is not immunized from liability when with respect to a public highway, the State maintains a known dangerous condition on the highway and fails to properly warn motorists of such a condition." *Leliefield v. Johnson*, 104 Idaho 357, 362, 659 P.2d 111, 116 (1983). In this case, there were no facts in the record showing ITD breached a duty owed to Haight.

Here, Haight failed to present evidence that establishes ITD had actual or constructive notice that the construction barrel was out of place. Both Haight and her husband testified that they had no knowledge of how the barrel got out of place on the roadway, how long it had been out of place, or that anyone from ITD put the barrel in that position. Haight offered no evidence showing actual or constructive notice in her memorandum in opposition to summary judgment. Furthermore, during oral arguments, the district court asked Haight's counsel if he wanted to respond to the summary judgment motion on the negligence action. Haight's counsel responded by simply stating "No."

As the moving party, ITD met its burden by establishing no genuine issue of material fact existed to show that it had actual or constructive notice of the dangerous condition. Then, the burden shifted to Haight. *Wattenbarger*, 150 Idaho at 317, 246 P.3d at 970 (if moving party has satisfied its burden, non-moving party must identify specific facts that demonstrate the existence of a genuine issue of material fact). Haight's counsel declined to meet this evidentiary burden, and Haight's negligence claim was properly dismissed by the district court. Accordingly, we find the district court did not err when it held there was no genuine issue of material fact regarding ITD's actual or constructive notice of the dangerous condition.

### C. The district court properly dismissed Haight's complaint for declaratory judgment seeking injunctive relief for lack of standing.

Haight argues that Idaho Code section 67-5278 and *Rawson v. Idaho State Board of Cosmetology*, 107 Idaho 1037, 695 P.2d 422 (Ct. App. 1985) grant her standing to request relief in the form of enjoining and restraining ITD from publishing any information that is misleading or contrary to law. Furthermore, Haight requests a writ mandating ITD correct all Idaho licensing manuals so the State provides fair and competent testing to obtain a vehicle operator's license. ITD argues that Idaho Code section 67-5278 only provides a mechanism for a person injured or threatened to be injured by a rule to bring a claim. The statute alone, ITD claims, does not

9

automatically provide standing or a justiciable interest. Moreover, ITD asserts that Haight has failed to show an injury caused by ITD's manuals. Because Haight has failed to show a distinct palpable injury, ITD contends that she is unable to establish a causal connection between any injury and the challenged content of ITD's manuals.

1. The district court properly dismissed Haight's claim because she lacks standing to bring this action.

"It is a fundamental tenet of American jurisprudence that a person wishing to invoke a court's jurisdiction must have standing." *Gallagher v. State*, 141 Idaho 665, 668, 115 P.3d 756, 759 (2005) (internal quotations and citation omitted). "Standing is a preliminary question to be determined by this Court before reaching the merits of the case." *Young v. City of Ketchum*, 137 Idaho 102, 124104, 44 P.3d 1157, 1159 (2002) (citation omitted). "Standing focuses on the party seeking relief and not on the issue the party wishes to have adjudicated." *Boundary Backpackers v. Boundary County*, 128 Idaho 371, 375, 913 P.2d 1141, 1145 (1996) (internal quotations and citation omitted).

The authority to render a declaratory judgment is governed by statute. I.C. § 10-1202. Idaho Code section 10-1201 confers jurisdiction upon the courts with the option to "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." An aggrieved party may also seek declaratory relief as to the validity of Idaho rules. *See* I.C. § 67-5278 ("The validity . . . of a rule may be determined in an action for declaratory judgment in the district court, if it is alleged that the rule, or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the petitioner.").

An important limitation upon this jurisdiction is that, "a declaratory judgment can only be rendered in a case where an actual or justiciable controversy exists." *Harris v. Cassia County,* 106 Idaho 513, 516, 681 P.2d 988, 991 (1984). This concept precludes courts from deciding cases which are purely hypothetical or advisory in nature. *State v. Rhoades*, 121 Idaho 63, 69, 822 P.2d 960, 966 (1991). "To satisfy the case or controversy requirement of standing, a litigant must allege or demonstrate an injury in fact and a substantial likelihood the judicial relief requested will prevent or redress the claimed injury." *Backpackers v. Boundary County*, 128 Idaho 371, 375, 913 P.2d 1141, 1145 (1996) (internal quotations and citation omitted). "This requires a showing of distinct palpable injury and fairly traceable causal connection between the claimed injury and the challenged conduct." *Id.* (internal quotations and citation omitted).

10

Haight argues that ITD's manuals have interfered with or impaired her legal rights under Idaho Code section 67-5278. Additionally, Haight argues that this Court's decision in *Rawson* gives her standing because her claims are based on interference or impairment by a rule. *Rawson*, 107 Idaho at 1041, 695 P.2d at 426.

Under the facts of this case, Haight's reliance on *Rawson* is misplaced. In *Rawson*, the plaintiff was denied a cosmetology license under contentious circumstances. *Id.* The plaintiff in *Rawson*, therefore, had standing because she had suffered a distinct and palpable injury that a favorable court decision could remedy. Haight, on the other hand, has failed to show that she has personally suffered any injury that can be redressed.

Haight lacks standing because she has not established ITD's manuals caused her an injury in fact or that the information contained within the manuals is responsible for the alleged property damage to her camper. As the party bringing the claim, Haight has the burden of establishing standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

Not only has Haight failed to establish how her rights have been impaired or affected under *Rawson* and Idaho Code sections 67-5278 and 10-1202, Haight has also failed to provide any testimony or other evidence that she suffered an injury in fact. Instead, Haight offers generalized statements that information within ITD's Motorcycle Manual and Motor Vehicle Operator's Manual may lead her to be unfairly or unlawfully tested for her qualifications if she were to apply for a motorcycle endorsement. Haight vaguely alludes to the alleged misleading statement that "[i]n most cases, the law requires that we stay as far to the right side of the road as possible . . ." However, Haight has never explicitly stated what is incorrect about this statement or how she has been injured by it. In fact, Haight is already lawfully licensed to operate motor vehicles in the State of Idaho, does not have a motorcycle license or endorsement in Idaho, and has never been injured while operating a motorcycle. Furthermore, Haight has not been required to take a written examination at any point following the first time she was issued an Idaho driver's license. Nevertheless, Haight contends additional discovery will reveal the extent to which the foregoing misrepresentation would disqualify her from securing the motorcycle endorsement, which she has yet to obtain.

Haight has not established that she has suffered an injury that is distinct to her and not suffered by all citizens within the jurisdiction. *Cf. Koch v. Canyon County*, 145 Idaho 158, 160–61, 177 P.3d 372, 374–75 (2008). Likewise, Haight has not established that the relief requested

will prevent or redress the claimed injury, namely that she suffered an injury in fact and that the property damage alleged was caused by misinformation contained within ITD's manuals. *Young*, 137 Idaho at 106, 342 P.2d at 719. Because Haight has not met her burden to show she has standing to bring a claim, her complaint for declaratory judgment seeking an injunction was properly dismissed by the district court..

### D. Attorney fees on appeal.

Given the particular circumstances of this appeal, we conclude that ITD is entitled to costs and attorney fees under Idaho Appellate Rule 11.2.

We construe Idaho Appellate Rule 11.2 the same way as Idaho Rule of Civil Procedure 11(a)(1) because the rules have virtually identical wording. *Sim v. Jacobson*, 157 Idaho 980, 986, 342 P.3d 907, 913 (2015) (citing *Flying A Ranch, Inc. v. Bd. Of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014)). We have construed both Idaho Rule of Civil Procedure 11(a)(1) and Idaho Appellate Rule 11.2 as follows:

> The attorney's or party's signature on a document constitutes two substantive certifications: (a) that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, **and** (b) that it [the document] is not interposed for any improper purpose. Both certifications must be accurate in order to comply with the rule. If either of them is not accurate, then the document would be signed in violation of the rule.

*Flying A Ranch, Inc.*, 156 Idaho at 453, 328 P.3d at 433 (emphasis in original) (internal quotations and citation omitted).

In other words, attorney fees can be awarded as sanctions when a party or attorney violates either (a) the frivolous filings clause, or (b) the improper purpose clause. *Sims*, 157 Idaho at 987, 342 P.3d at 914. "[A] party becomes subject to the rule the moment they sign a notice of appeal." *Id.*; I.A.R. 11.2. Pursuant to Idaho Appellate Rule 11.2, this Court may, *sua sponte*, award attorney fees if we deem it appropriate. *State v. Keithly*, 155 Idaho 464, 468, 314 P.3d 146, 150 (2013); *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 330, 297 P.3d 1134, 1147 (2013).

In this case, we have determined that Haight's appeal is frivolous. This is because Haight's claims are not well grounded in fact, nor are they warranted by existing law. First, Haight's appeal contains little in the way of legal argument or authority. Haight's counsel, by

12

failing to add any new analysis or authority to the issues raised below, simply asks this Court to second-guess the district court's discretionary decision on Rule 56(d) and the court's ruling on summary judgment, which Haight's counsel chose not to oppose during oral argument below. Second, Haight's counsel was less than diligent in the trial court, and then did not bother to appear at oral argument before this Court. Haight's attorney unnecessarily and needlessly increased the costs of the litigation and wasted judicial resources. For all of these reasons, an award of costs and attorney fees is appropriate.

## VI. CONCLUSION

We affirm the district court's order granting summary judgment in favor of ITD. Additionally, pursuant to Idaho Appellate Rule 11.2, we award sanctions against Haight's counsel, G. W. Haight, for costs and attorney fees incurred by ITD on appeal.

Chief Justice BURDICK, Justices JONES, HORTON and BRODY, CONCUR.