**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46523**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 27, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SANDRA DEE SIMMONS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge. Hon. Scott H. Hansen, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, dismissing appeal, <u>affirmed</u>.

Parmenter Rivera LLP, Blackfoot; Nathan D. Rivera for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Sandra Dee Simmons appeals from the district court's order, on intermediate appeal from the magistrate court, dismissing her appeal. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Simmons was charged with battery and disturbing the peace. A jury found Simmons guilty of disturbing the peace and acquitted her of battery. Simmons appealed to the district court in January 2018. The district court entered a briefing schedule on July 25, 2018, ordering Simmons to file her appellant's brief by August 28, 2018, and setting oral argument for October 29, 2018.

1

On August 22, 2018, six days before her initial appellate brief was due, Simmons moved for an extension of time. The motion set forth the following basis for the requested extension:

> Said motion is made on the basis that after receiving the transcript of the appeal, [counsel] delivered a copy to [Simmons] for her to review so she could identify and discuss the issues she wanted to raise on appeal. Thereafter, [counsel] was unable to get ahold of [Simmons] until the second week in August because her phone was shut off. [Simmons] made two appointments with [counsel] during the week of August 13th, which she did not come to. On August 16, [Simmons] did come to [counsel's] office to discuss the case, but was unprepared to discuss the appeal issues. [Simmons] then made another appointment for August 21, 2018 where she would be prepared to discuss the issues. At that appointment, [Simmons] brought in 35 handwritten pages of points that she wants to raise on appeal. Given the volume of claims that [Simmons] wants to raise along with the lateness of them being brought in, [counsel] does not have enough time to analize [sic] [Simmons's] claims and prepare the brief by August 28, 2018.

The motion for extension of time was set for hearing on September 4, 2018. At the conclusion of the hearing, the district court denied the request for additional time and dismissed Simmons's appeal as a sanction pursuant to I.C.R. 54(m). Simmons again appealed.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Simmons raises two issues on appeal. First, Simmons argues that the district court erred in denying her motion for an extension of time to file her initial brief. Second, Simmons argues that the district court erred in dismissing her intermediate appeal. The State responds that the district court properly exercised its discretion in denying Simmons's motion for extension of time and that Simmons has failed to properly challenge the district court's reason for dismissing

2

her appeal. We hold that the district court's denial of Simmons's motion for an extension of time and its dismissal of Simmons's appeal were within the district court's discretion.

**A. Extension of Time**

Simmons argues that the district court exceeded the bounds of its discretion in denying her motion for an extension of time because, she contends, she established good cause warranting additional time to file her opening brief. The good cause Simmons identifies includes her "communication problems" with counsel and counsel's inability to timely prepare a brief once Simmons apprised counsel of the issues Simmons wanted to raise on appeal. Under I.A.R. 34(d), a district court sitting in its appellate capacity may, upon motion, grant a party an extension of time to file a brief.[1] Extensions are disfavored and will be granted only when there is a clear showing of good cause. I.A.R. 34(d). The decision to grant an extension is discretionary. *Cf. Haight v. Idaho Dep't of Transp.*, 163 Idaho 383, 388, 414 P.3d 205, 210 (2018) (motions for extension of time to file summary judgment documents are reviewed for an abuse of discretion); *State v. Stuart*, 113 Idaho 494, 496, 745 P.2d 1115, 1117 (Ct. App. 1987) (holding that trial courts have the discretion to determine whether there is good cause to continue a trial).

The district court determined that Simmons failed to show good cause for an extension of time to file her initial brief. In reaching this conclusion, the district court made several factual findings that indicate Simmons had not been diligent in pursuing her appeal. Specifically, the district court found that Simmons failed to maintain contact with her appellate counsel; she missed or came unprepared to three appointments with appellate counsel to discuss her appeal; and then, only one week before her brief was due, Simmons presented her appellate counsel with thirty-five handwritten pages of issues Simmons wanted to pursue on appeal. Simmons argues that the district court erred in failing to inquire whether the lack of communication between her and her appellate counsel arose from circumstances outside of Simmons's control. We disagree. If Simmons's lack of communication with her appellate counsel was due to some reason outside of Simmons's control, it was her obligation to raise that issue in her motion for an extension of

---

[1]    Idaho Appellate Rule 34(d) is made applicable to appeals of criminal cases to a district court sitting in its appellate capacity. *See* I.C.R. 54(q).

time. *See* I.A.R. 34(d)(4) (requiring a motion for extension of time to be accompanied by an affidavit explaining the reasons or grounds why an extension is necessary).

The facts found by the district court support the conclusion that Simmons's request for an extension of time arose from a lack of diligence. Circumstances arising from a party's lack of diligence do not provide good cause of an extension of time. *Cf. Fitzgerald v. Walker*, 113 Idaho 730, 734, 747 P.2d 752, 756 (1987) (affirming the denial of a continuance due to the moving party's lack of diligence in securing an expert). Therefore, the district court did not abuse its discretion in denying Simmons's motion for an extension of time.

**B.     Dismissal**

The district court dismissed Simmons's intermediate appeal based on the lapse of time and her lack of diligence in cooperating with appellate counsel. Simmons argues that the district court erred in doing so because her conviction was based on insufficient evidence. As noted by the State, this argument does not address the district court's reason for dismissing Simmons's intermediate appeal.[2] To the extent Simmons argues that dismissal of her intermediate appeal was error because she should have been granted an extension of time, this argument fails. As stated above, the district court did not abuse its discretion in denying her motion for extension of time.

Because Simmons did not file a timely initial brief, the district court had discretionary authority to sanction her by dismissing the appeal. *See* I.A.R. 21; I.C.R. 54(m). In light of the district court's factual findings demonstrating Simmons's lack of diligence, we hold that the district court did not abuse its discretion in dismissing Simmons's intermediate appeal. *See State v. Langdon*, 117 Idaho 115, 117, 785 P.2d 679, 681 (Ct. App. 1990) (noting that sanctions for failing to diligently prosecute an appeal from the magistrate division are discretionary and may include dismissal of the appeal for failing to timely file an appellate brief).

---

[2]     The State alternatively argues that, even if the district court erred in denying Simmons's motion for extension of time, there is no remedy available to Simmons because she failed to properly challenge the district court's reason for dismissing her appeal. Thus, the State contends Simmons's appeal is moot. In light of our resolution of the issues presented, we need not address the State's alternative mootness argument.

## IV.

## CONCLUSION

The district court did not abuse its discretion in concluding that Simmons failed to establish good cause of an extension of time to file her initial appellate brief. Simmons has also failed to show the district court erred in dismissing her intermediate appeal. Accordingly, the district court's order, on intermediate appeal from the magistrate court, dismissing Simmons's appeal is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.